CANNON & WARREN *v.* JOHN NORTON AND OTHERS.

A debtor, committed to jail by virtue of an execution issued from the court of chancery to compel the payment of money, is entitled to the benefit of the poor debtor's oath, as in cases of commitment on an execution issued by a court of law.

DEBT on a jail bond. The defendant Norton was committed by virtue of an execution, issued from the court of chancery, to compel the payment of money, and executed the bond in question on his admission to the liberties of the prison, and was regularly admitted to the benefits of the poor debtor's oath. The only question in the case was, whether he was entitled to be discharged on taking that oath, or whether his departure was a breach of the bond.

The county court rendered judgment for the defendants. Exceptions by plaintiffs.

———— ———— for plaintiffs.

*R. Pierpoint,* for defendants, cited Rev. St., p. 456, § 17; p. 457, § 21.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The single question in this case is, whether a person, within the limits of the prison, on an execution issued by the court of chancery, is entitled to the benefit of the oath provided by law for poor debtors. It appears that Norton was imprisoned on an execution issuing from the court of chancery, for a sum adjudged to be due to the plaintiffs from him. He was admitted to the liberties of the prison, gave a jail bond, and took the benefit of the act for the relief of debtors in jail, and received his certificates accordingly. The plaintiffs contend, that, by the statute, prisoners in jail on an execution issuing out of chancery are not entitled to the benefit of the act referred to. The statute is, " Any poor person, imprisoned in jail by virtue of an execution, issued *by any court,* on a judgment rendered in any civil action, except in actions founded on tort, &c., may be discharged from imprisonment on taking the poor debtor's oath."

We think there is no doubt whatever, that a person, imprisoned on an execution issued out of chancery, in a case like that on which

the execution issued against Norton, is entitled to the benefit of that act.  In England, a person taken on an attachment from chancery may be bailed by the equity of the statute of 23 Henry VI, chap. 10, which provides that the sheriff may bail all persons arrested by writ, bill, or warrant, *in any personal action.*  A person, imprisoned on an attachment for breach of a writ of execution of a decree for payment of money, was discharged under the insolvent act. 16 Vesey 376.  The same was done in South Carolina.  A person in custody upon an attachment for non-payment of cost, was held entitled to the benefit of the Lord's act, such attachment being considered as an execution in a civil suit. Beames 250.  Norton was entitled to take the benefit of the poor debtor's oath; and, the proceedings being regular, and the certificates granted, his departing from the liberties was no breach of his bond.

The judgment of the county court is affirmed.