JOSHUA SAWYER AND GAMALIEL TAYLOR v. LEVI B. VILAS.

*Audita querela* will lie to set aside an execution wrongfully issued against the body of the execution debtor.

A judgment is a contract, within the meaning of section sixty three of chapter twenty eight of the Revised Statutes; and an execution, obtained in an action of debt upon a judgment rendered since the first day of January, A. D. 1839, cannot legally issue against the body of the debtor.[*]

[*]Where, on a promissory note signed by a citizen of New Hampshire, and executed subsequent to Jan. 1, 1839, a writ was issued and served on the defendant, in this State, by arresting his body, and afterwards, and before final judgment was rendered in the suit, the defendant became a resident citizen

Sawyer et al. *v.* Vilas.

Where *audita querela* was brought to set aside an execution in such case, and the case was tried in the court below upon a statement of facts, agreed to by the parties, and the original writ and execution against the complainants were referred to and made part of the case, wherein the complainants were described as residing in this State, it was held, that this was sufficient to show, in the absence of all rebutting testimony, that they were resident citizens of the State, within the meaning of the statute, at the time the execution issued.

If the defendant in the *audita querela* would claim, that the execution issued upon an affidavit, within the *proviso* to the statute, he must show that fact affirmatively.

But where one summoned as a trustee was adjudged chargeable, subsequent to January 1, 1839, by reason of a note which he had executed to the principal debtor prior to that date, and the plaintiff in the trustee process commenced an action on the case against the trustee, pursuant to the statute, to recover from him the amount for which he was held chargeable, it was held, that the execution obtained in the latter suit was properly issued against the body of the trustee. *Clark* v. *Trombly et al.*, Franklin Co., 1845, cited by BENNETT, J.

AUDITA QUERELA, brought to set aside an execution issued by a justice of the peace, against the bodies of the complainants, in an action of debt on judgment in favor of the defendant against them. Trial by the court,—ROYCE, J., presiding,—upon a case stated.

The facts agreed to were substantially as follows. On the 19th day of January, 1838, the complainant Sawyer, being then committed to jail in the county of Lamoille on an execution in favor of the defendant, Vilas, executed a jail bond jointly with the complainant Taylor. Sometime in the year 1838 there was a breach of the bond, and it was duly assigned to Vilas, and he commenced an action thereon and recovered judgment against the complainants, subsequent to the first day of January, 1839. An action of debt was subsequently commenced upon this judgment, and judgment was rendered therein against the complainants, and an execution was issued

---

of this State, and resided here at the time execution issued, it was held by REDFIELD, J., that the execution could not issue against the body of the defendant; and the execution having so issued, and the defendant having been arrested and imprisoned upon it, it was ordered, on *habeas corpus* brought, that he be discharged. *In re Wallace,* Windsor Co., 1847.

Sawyer et al. *v.* Vilas.

against their bodies, and they were arrested thereon ;—which is the execution now sought to be set aside. The execution and the original writ in the action were made part of the case stated; and in them the complainants were described as residents of Hydepark, in the county of Lamoille.

The court rendered judgment for the complainants. Exceptions by defendant.

*S. Wires* and *Wm. W. White* for defendant.

1. Is the prior judgment in this case to be regarded as a contract, within the meaning of chapter 28, section 63, of the Revised Statutes? A contract is defined by Blackstone and Kent to be " an agreement, upon sufficient consideration, to do, or not to do, a particular thing." 2 Bl. Com. 446. 2 Kent 450. The latter author adds, "The agreement is either under seal, or not under seal. If under seal it is denominated a specialty; and if not under seal, an agreement by parol." Nothing is said of judgments. Ch. J. Marshall says, "A contract is an agreement, in which a party undertakes to do, or not to do, a particular thing." 4 Wheat. 197. We do not, however, deny, that judgments, for want of a more appropriate appellation, are sometimes classed under the head of contracts. In Story on Contracts, p. 1, a contract is said to be, "a deliberate engagement between competent parties, upon a legal consideration, to do, or to abstain from doing, some act." The same author adds, "In its widest sense it includes records and specialties; but the term is usually employed to designate only simple, or parol, contracts. This is strictly the legal signification of the term contract." A judgment is defined to be "the sentence of the law, pronounced by the court upon the matter contained in the record." 3 Bl. Com. 395. Jac. Law Dict., Judgment.

The legislature took the precaution to limit the change, in the method of collecting debts, to debts thereafterwards contracted; and to give to the term " contract," as used by them in the statute, its *widest* sense, instead of that in which it is usually employed, would defeat their manifest intention. 1 Kent 462. It is believed, that this statute has received the construction, claimed by the defendant, in the case of *Clark* v. *Trombly et al.*, Franklin Co., 1845, and not yet reported. See, also, *Wyman* v. *Mitchell*, 1 Cow. 316.

2. The declaration and proof do not entitle the plaintiffs to the relief sought;—1, Because it is not alleged, or proved, that, at the time the judgment complained of was rendered, or when the execution was issued thereon, the plaintiffs were resident citizens of this State ;—2, Because it is not alleged, or shown, that, at the time the defendant prayed out his writ of attachment, he did not file with the authority signing the same such an affidavit, as would entitle him to a *capias.*

*Poland* for plaintiffs.

The original debt on the jail bond became merged in the judgment obtained upon it; and after that judgment was obtained, it was the only evidence of indebtedness, which the defendant had ; and this, the complainants insist, was a matter of contract, within the meaning of the statute. *Beckwith* v. *Houghton*, 11 Vt. 602. Thomp. St. 22. PRENTISS, J., *In re Comstock*, 5 Law Rep. 163.

The opinion of the court was delivered by

BENNETT, J. The important question, presented for our determination, in this case, relates to the regularity of the execution issued against the complainants. If the execution was wrongfully issued against their bodies, they should succeed with their *audita querela.*

The statute provides, that no person, who is a resident citizen of this State, shall be arrested upon an execution, issued upon a judgment recovered in an action founded upon a contract, *express* or *implied*, made or entered into since the first day of January, A. D. 1839. Judgments are frequently classed by legal writers under the head of contracts. Story, in his treatise on contracts, p. 2, makes three classes, one of which consists of contracts of record, such as judgments, recognizances, and statutes staple. Blackstone, in his commentaries, vol. 3, p. 160, says, it is a part of the original contract, entered into by all mankind, who partake of the benefits of society, that they will submit in all points to the municipal constitutions and local ordinances of that state, of which each individual is a member ; and that therefore whatever the laws order any one to pay becomes instantly a debt, which he hath before hand contracted to discharge.

Though the term "contract" is usually employed to designate

Sawyer et al. *v.* Vilas.

either specialty or simple contracts, yet custom has affixed to the term all species of obligation; and in *Sturges* v. *Crowninshield*, 4 Wheat. 122, Ch. J. Marshall has defined a contract to be "an agreement, in which a party undertakes to do, or not to do, a particular thing." In this definition the consideration is omitted; and it was no doubt intended to embrace all kinds of contract, whether by record, specialty, or parol. Judgments have frequently been held to be contracts, as constituting claims for a set-off, under statutes which provide only for a set-off of claims founded on contract.

The effect of a judgment is a merger of the original cause of action, upon which the suit is founded, whether it be in tort, or contract; and in either case the judgment constitutes a debt, with the same incidents, in the one case, as in the other. The words of the statute are as broad, as they well can be. The statute provides against the imprisonment of the body upon any execution, issued upon a judgment recovered in an action founded upon a contract, *express*, or *implied*.

We think, then, as the judgment was obtained since the first day of January, 1839, upon which the action was founded, wherein the judgment was recovered, upon which the execution, now sought to be set aside, was issued, that it is a case within the purview of the statute, and that the complainants were not liable to imprisonment.

It has been argued for the defendant, that it does not appear, that the complainants were resident citizens of the state. I apprehend this was not made a ground of objection in the county court. It is to be remarked, that this case comes to this court upon exceptions to the decision of the county court upon a case agreed upon; and, though it is not expressly stated, in the body of the agreement, that Sawyer and Taylor were citizens of this state, yet the original writ and the execution sought to be set aside are made a part of the case, and in both they are set up as resident citizens of the state. If this was a false description, it should have been shown to have been so. We are not to intend it, in order to reverse a decision of the county court.

It is also said, that it does not appear, but that an affidavit had been filed, under the *proviso* to the statute, which would have entitled the plaintiff to a *capias*. It may be answered, that it does not appear that one was filed. If the plaintiff claimed any benefit from the proviso, he must have brought himself within it.

We have been pressed in the argument with the case of *Clark* v. *Trombly et al.*, decided in Franklin County in 1845 and not yet reported,—which the defendant's counsel claim should govern this case. I was not present at the hearing of that case; but, as I understand it, it was an *audita querela* to set aside an execution. The facts were briefly these. Trombly and Saxe had brought an action against one Uzziel Clark, as principal debtor, and Thomas Clark, as trustee. Clark had been adjudged the trustee of the principal debtor, subsequent to the first day of January, 1839, by reason of a note, which he had executed to him prior to that time, and the trustee had neglected to pay to the officer, who had the execution against the principal debtor, the sum for which he was adjudged trustee. Trombly & Saxe then brought their action on the case, under the 37th section of chapter 29 of the Revised Statutes, against the trustee, Thomas Clark, for his neglect in not paying the sum, for which he was adjudged trustee, and, having recovered judgment, execution issued against the body of the trustee; and the *audita querela* was brought to set that execution aside. The object of the trustee process is to attach the goods and chattels, and rights and credits, in the hands of the trustee, belonging to the principal debtor. The effect of the adjudication, that the trustee is chargeable, is to create a *lien* on the effects in the hands of the trustee, belonging to the principal debtor; and the court determine the amount, which the trustee shall pay on the judgment against the principal debtor. If he neglects to pay, the statute gives the remedy by an action on the case. So far as the trustee pays, so far he is discharged on the claim due from him to the principal debtor; but no farther. The judgment, simply, that he is chargeable, has no effect to discharge him. I think the judgment, that the trustee is chargeable, merely operates to bind the effects in the hands of the trustee by the attachment; and that it does not constitute a contract between the attaching creditor and the trustee. If the trustee neglects to discharge this *lien*, thus gained by the attaching creditor, the statute provides the only remedy given, which is by an action on the case. This action, thus given by the statute, can not, I think, be said to be founded upon a contract, express or implied; and of course the execution was properly issued against the body.

The result is, the judgment of the county court, setting aside the execution, is affirmed.