HENRY E. STOUGHTON AND IRA B. PERSON *v.* THOMAS T. BARRETT.

*The liability incurred by one who becomes bail for a defendant on mesne process, by indorsing his name upon the back of the writ, is a liability upon contract, within the meaning of section sixty three of chapter twenty eight of the Revised Statutes; and an execution issued against the body of such bail, upon a judgment against him on scire facias, will be set aside on audita querela.*

AUDITA QUERELA. The plaintiffs alleged in their declaration, in substance, that in September, 1843, they became bail for one Johnson, in a suit against him in favor of the defendant, by indorsing their names upon the back of the writ; that judgment was rendered against Johnson, and execution issued and was duly returned *non est inventus;* that the defendant then brought *scire facias* against the plaintiffs, as bail, and recovered judgment against them, and had taken out execution against their bodies, upon that judgment, and placed the same in the hands of an officer for collection; and that they were liable to be arrested thereon. To this declaration the defendants demurred.

The county court, March Term, 1846,—REDFIELD, J., presiding,— adjudged the declaration sufficient, and rendered judgment thereon for the plaintiffs. Exceptions by defendant.

*L. Adams* for defendant.

The execution rightly issued against the plaintiffs' bodies. Because, whether the judgment, or the indorsing the writ as bail, shall be regarded as the foundation of the *scire facias,* it is equally clear, that neither can be regarded as a *contract,* within the meaning of the statute exempting from imprisonment. *Bidleson, Adm'r,* v. *Whytel,* 3 Burr. 1545. No action *ex contractu* would lie against bail upon *mesne* process; consequently, the trustee process will not be sustained upon such indorsement,—which process was intended as a substitute, in all cases where the body is relieved from arrest by the Revised Statutes. A *scire facias* is a judicial writ and expressly authorized by statute to issue as an attachment. 11 Vt. 85.

49

*Stoughton & Person pro se.*

*Audita querela* will lie to set aside an execution wrongfully issued against the body of the debtor. *Sawyer et al.* v. *Vilas,* 19 Vt. 43. Section sixty three of chapter twenty eight of the Revised Statutes provides, that the body shall not be imprisoned upon a contract, *express,* or *implied,* made or entered into since the first day of January, 1839. This statute was intended to embrace all contracts, whether by record, specially, or parol. *Sawyer et al.* v. *Vilas,* 19 Vt. 43. The judgment in this case was rendered upon a contract, within the meaning of the statute. Therefore the execution against the bodies was wrongfully issued.

The opinion of the court was delivered by

DAVIS, J. This is an *audita querela,* brought to set aside an execution in the defendant's favor against the plaintiffs, issued on a judgment of Windsor county court, March Term, 1845. The objection to the execution is, that it wrongfully issued against the bodies of the complainants; and the declaration states, that it was placed in the hands of an officer, and that the plaintiffs were in danger of being arrested and committed to jail thereon. To this declaration there is a demurrer.

It appears, that in 1843 the complainants became bail for one Johnson, on a justice's writ in favor of the defendant, upon which the body of Johnson was arrested. Judgment against Johnson was obtained, execution issued, a *non est* return made thereon, and a *scire facias* issued against the complainants, returnable before the justice who rendered the original judgment, an appeal to the county court was taken, and final judgment as above stated. The only question is, whether the execution was properly issued against the bodies of the complainants; and we are all clearly of opinion it was not.

The act of becoming bail for a defendant, by indorsing the name on the back of a writ, in the manner required by our statute, is as truly a contract between the bail and the creditor, as is the bond taken in England and most of the states by the sheriff, on arresting the body on *mesne process.* In the latter case it is in form a contract between the bail and the sheriff, but may be assigned, on forfeiture, to the creditor. It is as perfect a contract, in substance, as

Stoughton et al. *v.* Barrett.

the act of entering into a recognizance, on an appeal, or review, of an action; or as is a jail bond, entered into after commitment, on *mesne* or final process; and as such falls within section sixty three of chapter twenty eight of the Revised Statutes,—which provides that no person, who is a resident citizen of this state, shall be arrested or imprisoned by virtue of any *mesne* process, issued in any action founded on contract, *express* or *implied*, entered into after January 1, 1839; nor by virtue of an execution issued upon any judgment founded upon *such contract*, unless in certain cases, upon affidavit that the party is about to abscond, &c.

It is true, the contract is of a peculiar nature, is conditional, and a remedy upon it is to be enforced by *scire facias*, as an incident to the original judgment; but in form and in substance it is as much a contract, as a blank indorsement of a note. The judgment, being rendered upon this contract, is directly within the words of the statute.

It is a stronger case than that of *Sawyer et al.* v. *Vilas,* 19 Vt. 43, where a judgment rendered upon breach of a jail bond, subsequent to January 1, 1839, was regarded as a contract within the statute; and debt being brought upon such judgment, and judgment rendered thereon for the plaintiff, it was held, that the execution issued upon this last judgment, which run against the bodies, should be set aside on *audita querela.*

There is assuredly less reason for holding that a judgment, whether founded upon a tort, or contract, being a proceeding *in invitum*, and depending altogether for its validity upon the judicial sanction given to it by a court of justice, is a contract; than that the voluntary indorsement of one's name on the back of a writ, which, by virtue of our statute, is made to import a contract on the part of the bail, upon certain conditions and contingencies, to pay to the creditor and plaintiff in the suit the amount in damages and costs, which the judgment therein may show to be his due, should be so considered.

The result is, the judgment of the county court is affirmed,