## THE STATE OF IOWA *v.* START.

The district court possesses no authority to order a party to deliver to the sheriff the key of a safe, which, with the contents, the party claims as his own property ; and, upon his refusing to obey the order, to fine him summarily, as for a contempt.

*Certiorari to the Des Moines District Court.*

MONDAY, APRIL 4.

This was a proceeding for contempt, and arose upon the same facts with the former case of the state against this defendant, *ante*, 499.   In that, the error alleged was in the order suspending the license of the defendant, as an attorney at law.   In this, the error alleged is in the order imposing a fine.   The statement of the case need not be repeated ; but such further facts as may be necessary, if any, will be noticed.

The errors assigned, are :   1.   That the party had no notice of the proceedings for contempt.   2.   That the court had no jurisdiction to fine for contempt, either as to person or matter, because the defendant was not notified, nor was he present, nor did he waive notice.   3.   That the matter was not such as to confer jurisdiction to fine for contempt.

Besides the order to deliver the key to the sheriff, a further and subsequent order was made, on motion, to the effect that the sheriff open the safe, in such manner as he might be able, doing the least practicable amount of injury thereto.

*S. A. Rice*, (Attorney General), for the State.

*C. Ben Darwin*, for the defendant.

WOODWARD, J.—The objection of a want of notice, is not entirely intelligible. If the defendant means that he actually had not knowledge of the proceedings, the record shows the contrary, for the rule was made and served four days, and he answered it three days before the final order. But, if he means that he was not notified to show cause why an attachment should not issue, and to purge himself, it admits of doubt, whether the case is one which entitles him to this. Upon this, we refer to sections 1602 and 1603 of the Code; but as the next objection is fatal, it is unnecessary to discuss the present one.

We are of the opinion that this was not a case in which the court could exercise its authority in a summary manner. The sheriff holds a writ of attachment against the firm of Start & Gaddis, and levies it on an iron chest, which is claimed by a third person as his property. The court, on motion, orders the claimant to deliver up the key. Can the court thus assist an officer in his duty?—especially, can it interpose between the officer and a third person, claiming the property? If it be urged that the plaintiff insisted that the safe contained property belonging to the defendants in the attachment suit, it may be answered that the third person, S. E. Start, was garnished in the same action, so that if he so held any of their property, he would be answerable for it, under that process.

If the court may interpose by its order in this manner, may it not order a party to deliver the key of his house, when the officer is not authorized to break it, or to open a door; or, to deliver property which is on his person, as money, or a watch, or the like, which, therefore, the officer cannot seize? If this may be done, it breaks down, at once, all those guards and barriers which have ever been

held to exist for the security of the person, and a man's house is no longer his castle.

Start, the defendant, was acting in the defense of what he claimed to be his right of property. He does not appear to have done any act as an attorney, either in this cause, or otherwise, but stood only as a third person, claiming property in the thing. He is not punished for any act done as an officer of the court; nor even for the refusal in open court, to deliver the key—that is, it is not for a personal disrespect, but it is only for the refusal to obey the order of the court to deliver the keys. And we are of the opinion that it was not within the authority of the court to make the order, and consequently that it could not punish the defendant as for a contempt.

The order of the court imposing the fine is reversed.