F. M. HUTCHINS v. M. R. TYLER et al.*

*Mandamus. Jail Commissioners. Bastardy. Acts of* 1876, *No.* 10, *and of* 1878, *No.* 25. (*R. L. ss.* 1534, 1535.)

1. In a proceeding for bastardy the Gen. Sts. c. 74, s. 9, (R. L. s. 2406,) provide for the commitment to jail of the person charged, on failure of procuring recognizance; the act of 1876, No. 10, provides for his discharge on being confined six months; the act of 1878, No. 25, extends the time of imprisonment to fifteen months. In May, 1876, H. was ordered by a justice of the peace to enter into a recognizance to appear to the County Court. October 16, 1878, he was tried, and adjudged guilty. The order of commitment was issued October 18, 1878, and he was arrested on the 18th day of the next Dcember, but not committed. On June 18th, 1879, H. applied to the jail commissioners to be discharged under the act of 1876. They decided that they could only proceed under the act of 1878. Petition for a writ of mandamus to compel them to discharge the relator, dismissed on the above facts.

2. Act of 1876. No. 10; act of 1878, No. 25, (R. L. ss. 1534, 1535,) taking poor debtor's oath under bastardy proceedings,—construed.

PETITION FOR MANDAMUS. The relator in May, 1876, was ordered by a justice of the peace to enter into recognizance to appear to the County Court under a bastardy prosecution. The case was continued till October, 1878, when he was tried, and found guilty. The order of commitment was issued two days later ; but he was not arrested till the 18th day of the next December. On the 18th day of June, 1879, the relator petitioned the jail commissioners to be released from confinement, on taking the poor debtor's oath, claiming that they should act under the statute of 1876, No. 10. The commissioners, after hearing his proofs, and that of the mother of the bastard child, decided, that, while he was poor enough to come within the provisions of the law, they could only act under the statute of 1878, No. 25 ; and found as a matter of fact that he had not been confined continuously in jail even six months.

*R. H. Start*, for the relator.

*Heard at the January Term, 1880.

Hutchins v. Tyler.

No part of the act of 1876 was repealed by the act of 1878 ; as the last act has no retroactive force, and the first act not being repealed, the relator's rights are under the first act.

The relator was imprisoned, when the act of 1878 went into effect in contemplation of law ; 11 Paige 400 ; 1 Comstock, 536. Bastardy proceedings are *quasi* criminal. 2 Bishop's Crim. Law, s. 242–250. The jail-yard for certain purposes is considered the jail. *Peters* v. *Henry*, 6 Johns. 125 ; 2 Term R. 26.

*L. F. Wilber* and *L. L. Lawrence*, for the respondents.

A subsequent statute revising the whole subject-matter of a former one, and evidently as a substitute for it, must operate to *repeal* the former, although it contains no words to that effect. *Farr* v. *Brackett*, 30 Vt. 344 ; *Giddings* v. *Cox*, 31 Vt. 607 ; *Bartlett* v. *King*, 12 Mass. 545 ; *Davis* v. *Fairborn*, 3 How. (U. S.) 636 ; *Norris* v. *Croker*, 13 How. (U. S.) 429 ; 42 Vt. 690.

The jail commissioners had no jurisdiction or power to act under the statute of 1876. *Springfield* v. *Hamden Commissioners*, 6 Pick. 501.

The opinion of the court was delivered by

BARRETT, J. The commitment is under the Gen. Sts. c. 74. The statute of 1876 provided how the party might get out of jail upon such commitment. The statute of 1878 provided a different mode in substitution of that of 1876. Both are remedial as against the Gen. Sts. That of 1876 ceased to be operative, when that of 1878 went into effect.

The petitioner had not been committed under the Gen. Sts. when the statute of 1878 went into effect. He had not been in jail at all. The statute of 1876 requires six months' confinement in jail before the party shall be entitled to apply to and be discharged by the jail commissioners. That confinement does not mean free and promiscuous going at large outside the jail, after being committed, but confinement within the jail. If the party sees fit not to abide in confinement, and by permission of the jailer goes at large *ad libitum* because he prefers to, all that need be said is, he

will fail of qualifying himself for the interposition of the jail commissioners. The jailer of course acts upon his own view of his official responsibility to the other party, in permitting such going at large, out of confinement. The purpose of the Gen. Sts. c. 74, in the provision for commitment, is to enforce the giving of the required recognizance by the commitment to, and confinement in jail. That provision of the statute would be rendered nugatory and powerless, if after commitment the party committed should be permitted to go at large, and out of the jail at his pleasure.

We hold that the commissioners decided properly on the ground on which they put their decision, viz. ; that the proceeding before them must be under the statute of 1878. The foregoing remarks may suggest some useful considerations of the subject under various aspects and relations.

The petition is dismissed with costs.