## J. M. MOORE *v.* G. A. McMILLAN.

### *Insolvent Act.* $300 *Clause.*

1. The petitioner gave his note to the creditor while both were residents of New York. A judgment rendered upon such note in Vermont, although its maker was living here at the time of its rendition, is not a debt contracted by an inhabitant of this State, within the meaning of the $300 section of the insolvent act.—R. L. s. 1790.

2. In this case the creditor levied his execution on the debtor's real estate, and although the time for redemption had not expired, the title is treated as vesting at once in the creditor, and was, to the amount of its value, a payment on the judgment; and the balance, with the other debts of the petitioner, did not exceed the $300, which was necessary to bring him within the provisions of the act.

3. Insolvent act, $300 clause, R. L. s. 1790; also, R. L. ss. 1565, 1578, as to the effect of levy of execution on real estate,—construed.

APPEAL from the Court of Insolvency. Heard on an agreed statement, at the June Term, 1881, VEAZEY, J., presiding. The court decided that the judgment of the Court of Insolvency be reversed, and the petition be dismissed. The case appears in the opinion.

*H. K. Fowler,* for the petitioner.

*Burton & Munson,* for the creditor.

The opinion of the court was delivered by

Ross, J. This is an appeal from the decree of the Court of Insolvency adjudging the petitioner, J. M. Moore, to be an insolvent

on his own petition. The statute, R. L. s. 1790, provides : " An inhabitant of this State owing debts exceeding the amount of three hundred dollars, contracted while such inhabitant, which he is unable to pay, may apply by petition," &c. The question to be decided is, whether the petitioner J. M. Moore is within the specification of the foregoing provision of the statute in respect to the amount of his indebtedness at the time he filed his petition to be adjudged an insolvent. He became an inhabitant of this State in the spring of 1880, since which time he had contracted debts to the amount of $180 and no more. Before becoming an inhabitant of this State he had resided in the State of New York ; and while residing there had contracted a debt to the appellant, which was evidenced by the petitioner's note, on which note the appellant brought a suit November 10, 1880, and therein obtained judgment at the December Term of the Bennington County Court for 1880, for $603.76, damages and costs. December 31, 1880, the appellant caused to be levied on the real estate of the petitioner, an execution issued on said judgment, for the full amount thereof except $96.48. The petition was filed in the Court of Insolvency January 4, 1881. The real question for consideration is, whether this judgment is *a debt contracted by the petitioner while an inhabitant of this State* within the meaning of the statute, so that he has the right to have it reckoned in his favor in support of his petition ? If so, the petition should be sustained ; if not, it should be dismissed. The debt or obligation of the petitioner was for the payment of money. It was originally contracted while the petitioner was an inhabitant of the State of New York. It was there he incurred the obligation, or contracted to pay it, and by his note promised to discharge it. The note was but the evidence of the debt or obligation thus contracted. But it is contended that the appellant, by coming into this State while the petitioner was an inhabitant of this State, by bringing a suit upon the note, and by obtaining judgment thereon, made it a debt contracted while the petitioner was an inhabitant of this State ; that the judgment is a contract, of a higher nature than the note, and in which the note became merged. All money judgments are contracts in the broadest sense of that term, which includes con-

tracts *express* and *implied*. It was so held in *Sawyer et al.* v. *Vilas*, 19 Vt. 43, which is relied on by the petitioner. But the statute under consideration in that case, (the statute exempting the body from arrest,) in terms included *implied* as well as *express* contracts. The law implies a promise or contract by a party against whom a court, having jurisdiction, has rendered a judgment for the payment of a sum of money, to pay the sum thus adjudged to be due from him, although the judgment arose in an action of tort, or although the party never made any promise, or entered into any contract to pay the same, and has resisted the adjudication to the utmost. By an implied promise or contract in such a case, it is not meant that the party against whom the judgment has been rendered, has made any promise, or entered into any contract to pay the same; but that it has been conclusively determined that he is under a duty or obligation to pay the sum so ascertained to be due, and the law enforces payment thereof just as though he had promised, or contracted to pay the same. The judgment itself is evidence of the obligation or duty, and it may show, as in the present case, that that obligation or duty arose out of a contract, or, it may show that it had its origin in a tort or neglect. Whichever way the duty or obligation had its origin, the law enforces it by implying a promise, or contract to pay the same. If the note given in New York became merged in the judgment recovered by the appellant, as is urged by the counsel for the petitioner, and as is generally held, the contract or promise of the petitioner to pay the sum ascertained by the judgment to be due from him to the appellant, is an implied one, and not a promise or contract in fact at all. If it should be held that the note is not merged in the judgment, and that the judgment is only a higher kind of evidence of the debt which was evidenced by the note, because of having been judicially ascertained and determined, then the debt would still remain one *contracted* by the petitioner while an inhabitant of New York. Hence, whether the judgment is regarded as having merged the note, or the reverse, it does not evidence a debt which the petitioner, in fact, contracted while an inhabitant of this State. The language of the statute, "An inhabitant of this State owing debts . . . .

contracted while such inhabitant" would seem to require debts which the petitioner had *voluntarily*, and *expressly contracted*, and not merely such duties, or obligations, as the law enforces as contracts, by implying a promise, or contract, to discharge the same, when in fact, no contract or promise exists. We do not think this judgment was a debt contracted by the petitioner while an inhabitant of this State within the meaning of the statute.

But were it so regarded on January 4, 1881, when the petitioner filed his petition in the Court of Insolvency, the judgment had all been paid and satisfied, by the levy and set-off of the petitioner's real estate except as to the sum of $96.48. An inspection of the provisions of the statute in regard to the levy and set-off of real estate in satisfaction of an execution, (R. L. secs. 1565 to 1578,) shows very clearly that the title to the real estate is treated as vesting at once, and by virtue of the set-off to the extent of the value of the real estate set off, and the judgment debt is regarded as so far satisfied and paid. It is true there is a provision by which the execution creditor is not to take possession of the real estate set off, for six months, and the execution debtor has the right during that time to redeem. But it is only a right of redemption which he has. If he fail to exercise this right, the rents, issues and profits of the real estate set off for the six months belong to the creditor. If he redeem, the money paid by him takes the place of the real estate set off in satisfying the indebtedness for which it is set off. In either case the debt is satisfied to the extent of the value of the real estate set off. The unsatisfied balance of the judgment, added to the debts contracted while the petitioner was an inhabitant of this State, are not sufficient in amount to bring the petitioner within the provisions of the act.

On both grounds the judgment of the County Court dismissing the petition is affirmed, and ordered to be certified to the Court of Insolvency.