[No. 3236. Decided May 19, 1899.]

*In the Matter of the Application of* LOU VAN ALSTINE *and* EMMA NORTON *for a Writ of Habeas Corpus.*

HABEAS CORPUS—INQUIRING INTO LEGALITY OF COMMITMENT FOR CONTEMPT.

The legality of an order committing for contempt parties to a divorce suit, for their failure to comply with a previous order requiring the payment into court of the money decreed to be due the adverse party, may be inquired into in habeas corpus proceedings, under Bal. Code, § 5826, which excepts from the prohibition against inquiring into the legality of any judgment or process whereby a party is in custody such orders of commitment for contempt as arise upon proceedings to enforce the remedy of a party.

DIVORCE—DISPOSITION OF PROPERTY—IMPRISONMENT FOR NOT PAYING INTO COURT.

The authority conferred upon the court by Bal. Code, § 5723,

in granting a divorce, to make a disposition of the property of the parties, does not give jurisdiction to enforce its decree by imprisonment, although that power is expressly given by the preceding section for the enforcement of orders made while an action is pending.

CONTEMPT — REFUSAL TO PAY MONEY JUDGMENT.

The superior court having no power to enforce the payment of money judgments by imprisonment, it cannot imprison parties to a divorce suit for refusing to obey an order disposing of money in controversy, under the provisions of Bal. Code, § 5808, authorizing the court to imprison a party, when his contempt consists in refusing to perform an act which he is able to do, since such statute applies only to acts which the court may legally require a party to perform.

*Original Application for Habeas Corpus.*

*John F. Dore* and *Charles E. Shepard,* for relators.

*Ballinger, Ronald & Battle,* and *Richard Winsor,* for respondent.

The opinion of the court was delivered by

Gordon, C. J.— In November, 1898, Lou Van Alstine, one of the petitioners herein, instituted an action in the superior court of King county for divorce on the ground of cruelty.   The defendant in that action, Con Van Alstine, answered, putting in issue the charges of the complaint, and by a cross complaint alleged that the marriage was procured by fraud, in pursuance of a conspiracy between the plaintiff and Emma Norton (the other petitioner in this proceeding), and other persons therein named, for the purpose of entrapping "some returning Klondiker" and obtaining his money.   The cross complaint also charged that, subsequent to the marriage ceremony, plaintiff obtained from the defendant certificates of deposit upon a bank in San Francisco, Cal., amounting in the aggregate to $36,000, by leading and inducing the defendant to believe that the certificates were to be safely kept by the

plaintiff, and, having obtained the certificates, the plaintiff proceeded to convert the same to the use of herself and her co-conspirators, and fraudulently retained the proceeds of said certificates, with the exception of $5,000, which defendant had obtained prior to the institution of the action.    Defendant asked for an annulment of the marriage and a restitution of the money.    On the defendant's petition the other alleged conspirators were made parties defendant to his cross complaint, and, with the exception of one Noyes, who was without the jurisdiction, they were served and appeared in the proceedings.    Thereafter an order was entered in the lower court requiring the petitioners to show cause why they should not be required to pay into court the money so alleged to have been procured from the defendant.    By arrangement between the parties, it appears that hearing on the return of this order was continued, to be taken up with the main case.    Subsequently, and prior to the trial, plaintiff filed her motion to dismiss the action, which was resisted by the defendant and denied by the court; and, upon the proofs offered by the defendant at the trial, the court proceeded, on February 27, 1899, to make its findings, conclusions, and decree. The decree is as follows:

" Ordered, considered, adjudged, and decreed that the marriage between the plaintiff, Lou Van Alstine, and the defendant and cross complainant, Con Van Alstine, herein, be, and the same hereby is, annulled, set aside, and held for naught.    And it is further ordered and adjudged that the plaintiff, Lou Van Alstine, alias Lou Spear, and the defendant Emma Norton be, and they hereby are, required, directed, and ordered that they, within five days, bring into and deposit in the registry of this court the sum of thirty thousand nine hundred and sixty-five dollars, the proceeds of certain certificates of deposit mentioned in the cross complaint of the cross complainant and in the findings of fact in this action.    It is further ordered, considered, adjudged, and decreed that said sum of money so

ordered to be deposited as aforesaid be, and the same is hereby, decreed to be the sole property of the said defendant and cross complainant, Con Van Alstine, and is awarded to him as his property, and that, upon being paid into the registry of this court in pursuance of the order herein made, the same shall be paid over to the defendant herein, Con Van Alstine; and it is further ordered, considered, adjudged, and decreed that the said cross complainant recover of and from the said plaintiff and the said Emma Norton, and each of them, the sum of thirty thousand nine hundred and sixty-five dollars, and his costs herein. . . ."

The petitioners having failed to comply with the order requiring the payment of the money into court, on March 6, 1899, upon the affidavit of the defendant, an order was made by the court requiring them to show cause why they should not be committed for contempt. In response to this latter order the petitioners made answer, in which they set forth that they had not, nor had either of them, from the time of the commencement of the action for divorce, possession, custody, or control of any of the proceeds of the certificates referred to; that they were unable to produce the same, and wholly unable to comply with the decree of the court in that regard; also, that execution had been issued, and a levy made upon certain personal property of the petitioners, which was and is held by the sheriff for the purpose of selling the same to apply on such judgment and decree. The court thereupon found that it was within the power of the petitioners to comply with the previous order and decree of the court, adjudged that they were in contempt, and ordered that they "be confined and imprisoned in the county jail of King county, state of Washington, until they shall comply with and have performed the provisions of the decree; . . . that is to say, until they, the said Lou Van Alstine and Emma Norton, shall have brought into and deposited in the regis-

try of this court said sum of thirty thousand nine hundred and sixty-five dollars, the proceeds of said certificates of deposit." The petitioners thereupon filed in this court a petition praying for a writ of habeas corpus, directed to the sheriff, restoring them to their liberty.

It appears from the record that an appeal has been taken from the original judgment and decree, and is now pending; and in view of this fact, and the importance of some of the questions necessarily involved in the consideration of the appeal, we have considered it wiser to refrain from discussing such questions in the present proceeding.

We think the petitioners are entitled to a discharge upon the broad ground that the court had no power to require them to pay the money into court, and thereafter enforce that judgment by imprisonment. In resisting the present application, counsel for the husband earnestly contend that the lower court having had jurisdiction of the parties and of the subject-matter, and having adjudged them guilty of contempt, all that this court can do, in habeas corpus proceedings, is to remand the petitioners, and let them pursue the proper course for the correction of errors, if any exist, in the proceedings. And their main argument, both orally and in their brief, was and is directed to sustaining that contention. But we think that our statute upon habeas corpus shows the fallacy of this contention. Section 5826, Bal. Code, is as follows:

" No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: (1) Upon any process issued on any final judgment of a court of competent jurisdiction; (2) for any contempt of any court, officer or body having authority in the premises to commit; but an order of commitment, as for a contempt upon proceedings to enforce the remedy of a party, is not included in any of the foregoing specifications."

The so-called contempt with which the petitioners are charged is a civil contempt. It consists in failing to do something which the court has ordered to be done for the benefit of an opposing party in a civil action. Rapalje, Contempts, § 21. The language of the last portion of subdivision 2, viz., "but an order of commitment, as for a contempt upon proceedings to enforce the remedy of a party, is not included in any of the foregoing specifications," makes an exception to the rule for which counsel contend, and the present application falls squarely within that exception. Here is a decree for money,—a decree analogous to a money judgment at law, which may be enforced by process against property. It differs from a decree for the recovery of something in specie, of which a party has been deprived, and for the loss of which compensation in damages cannot be made, or requiring the performance of some specific act, other than the payment of money, which it is the duty of a party to perform. The petitioners were not officers of the court, and the money is not required to be paid from a fund in respect to which they stand in the relation of trustees. Story, Equity Jurisprudence (13th ed.), § 839 *et seq.* It is unlike an order for expenses or suit money in an action for divorce, which, by authority of the statute (Bal. Code, § 5722), may be enforced by attachment. And, in rendering this decree for the amount found due, the court had no more power to direct it to be deposited with the clerk, and to enforce that order by imprisonment, than it would have in a law action based upon the same state of facts. *Carlton v. Carlton,* 44 Ga. 216; *Clements v. Tillman,* 79 Ga. 451 (5 S. E. 194, 11 Am. St. Rep. 441). In the last case cited the court say:

"But if a court of equity should render a simple decree for money, on a simple money verdict,—a decree which it may now enforce by the ordinary common-law process

against property,—the failure to pay the decree would not be a contempt, nor could compulsory process against the person of the party in default be resorted to to enforce payment. . . . ' No jurisdiction to compel the payment of an ordinary money demand, unconnected with such peculiar equities, ever existed in chancery courts, nor had they the power to compel such payment by punishing the refusal to pay under the guise of contempt.' "

The statute (Bal. Code, § 5723) which authorizes the court, in granting a divorce, to make disposition of the property of the parties, does not give the court jurisdiction to enforce its decree by attachment, although that power is expressly given by the preceding section (5722) for the enforcement of orders made while an action is pending. The effect of the decree of nullity in the present case was to leave the property rights of the parties unaffected by the nominal marriage. Brown, Divorce, p. 180. That the parties were nominally married is therefore a circumstance of no controlling importance in determining the power of the court to enter the decree in question. The case does not fall with § 5808, because that section can only be held to apply to acts which the court may legally require a party to perform. It was enacted for the purpose of enabling the court to enforce obedience to a lawful judgment or decree. Nor does the case fall within the provisions of ch. 7, tit. 29, Bal. Code, relating to proceedings supplemental to execution; assuming, without deciding, that the provisions of that chapter do not conflict with § 17 of art. 1 of the constitution of this state, providing that "there shall be no imprisonment for debt except in the case of absconding debtors."

We conclude that the superior court of King county was without power to require the petitioners to pay into court the money decreed to be due the defendant, and to enforce its payment by imprisonment. In additioin to the authorities already cited, we think that this conclusion is

sustained by the following authorities:  *State v. Start,*
7 Iowa, 501 (74 Am. Dec. 278) ; *Hosack v. Rogers,* 11
Paige, 603 ; *In re Bingham,* 32 Vt. 329 ; *In re Leach,*
51 Vt. 630 ; *Goodwillie v. Millimann,* 56 Ill. 523 ; Rapalje,
Contempts, § 17 ; 7 Am. & Eng. Enc. Law (2d ed.), p. 38,
and authorities there cited.

The petitioners are entitled to be discharged, and it is
so ordered.

ANDERS, DUNBAR and REAVIS, JJ., concur.

FULLERTON, J., concurs in the result.