EDWARD J. GAFFNEY *v.* COMMISSIONERS OF JAIL DELIVERY.

May Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed June 24, 1942.

*Edward G. McClallen, Jr.,* and *Lindley S. Squiers* for the petitioner.

*Asa S. Bloomer* for judgment creditor.

SHERBURNE, J.   On July 23, 1938, the relator was committed to Rutland County jail upon a certified execution issued upon a judgment rendered in a tort action by Rutland County Court. On October 28, 1938, upon hearing duly held, a superior judge ordered that the close jail certificate indorsed upon the execution be vacated forthwith, and that the relator should forthwith be entitled to the benefit of the laws relating to the discharge of poor debtors, or the laws relating to admission to the liberties of the jail yard, as if the execution upon which he was committed had issued without any certificate thereon.   On October 31, 1938, the relator applied to one of the commissioners of jail delivery to be allowed to take the poor debtor's oath, whereupon a citation was issued and served and a hearing had by the commissioners pursuant to the statute, and on November 30, 1938, the application was denied.   Thereafter a petition for a writ of mandamus to be directed to such commissioners commanding them to admit the relator to the poor debtor's oath and to deliver to him two certificates thereof was brought to this Court. See 111 Vt. 196, 13 Atl. 2d 192.   The opinion in that case sets forth the essential facts and the reason given by the commissioners for denying the application, and shows wherein the commissioners erred.   That petition was dismissed for the reasons stated in the opinion.   On January 15, 1942, relator applied to one of the commissioners for a rehearing by the commissioners of his application of October 31, 1938.   Citation was issued and served and the matter was reheard.   Subsequently, on February 9, 1942, findings were made correcting the former holding of the commissioners, and on April 13, 1942, further findings were made, that relator has not estate to the amount of twenty dollars, nor sufficient to satisfy the execution on which he is committed, exclusive of property exempt from execution, and has not disposed of any part of his estate to defraud his creditors, nor disposed of the same after his commitment to defraud the committing creditor, or to prefer other creditors to him, in the identical language of P. L. 2216; but, because it was further

found that subsequent to the former decision of the commissioners the relator had given bond and been admitted to the liberties of the jail yard, and that since such release from jail he has not been confined or imprisoned therein, the commissioners were of the opinion that the holding in *Cannon & Warren* v. *Norton,* 16 Vt. 334, did not apply, inasmuch as since that decision the limits of the jail yard have been increased from four square miles to the boundaries of the state, P. L. 8821, and that the relator was not imprisoned within the meaning of P. L. 2208, and again denied the application.

This is a second petition for a writ of Mandamus to be directed to the commissioners commanding them to admit the relator to the poor debtor's oath and to deliver to him two certificates thereof, and the foregoing facts are set forth therein. As before, though duly summoned and ordered to answer the commissioners have not appeared or answered, and by their failure so to do have directly admitted all traversable allegations of the petition. The attorney of the judgment creditor was notified and has appeared and opposed the granting of the petition.

*Cannon & Warren* v. *Norton,* 16 Vt. 334, presents a situation no different in principle from this one. There, after the prisoner had given bond and been admitted to the liberties of the jail yard, which at that time did not exceed a territory equal to four square miles, R. S. chap. 103, sec. 7, he was permitted to take the benefit of the poor debtor's oath. The enlargement of the limits of the jail yard does not detract from the force of that decision. Although released from jail, the relator must remain within the state under the terms of his bond that he will not escape from the jail yard. P. L. 2199. He is subject to recommitment to jail under the provisions of P. L. 2200, 2201, 2203 and 2205. His liberty is circumscribed. He is still imprisoned within the meaning of P. L. 2208.

The judgment creditor calls attention to the order vacating the close jail certificate and claims that P. L. 2226 directs the court or superior judge to determine the privilege of the poor debtor's oath or the liberties of the jail yard in the alternative, and that relator has made an election. The provisions of the statute mean that, when a close jail certificate is vacated, the execution on which the prisoner is confined in jail is reduced to any

441

ordinary body execution, and he is held in jail under the execution as though the certificate had not been indorsed thereon. *In re Blake,* 107 Vt. 18, 24, 175 Atl. 252. There is no alternative in the sense that the relator made a binding election. Because he was erroneously denied the privilege of the poor debtor's oath he had no alternative but to give bond and be admitted to the liberties of the jail yard, if he desired a measure of liberty promptly. Because he availed himself of that privilege does not bar him from now being admitted to the privileges of the poor debtor's oath. *Hutchins* v. *Tyler,* 53 Vt. 572, cited by the creditor, is not in point.

It follows that the relator has a clear legal right to be admitted to the poor debtor's oath. A writ of mandamus is a proper remedy to compel obedience to the peremptory terms of the statute under the circumstances. *In the Matter of Savage,* 112 Vt. 89, 94, 22 Atl. 2d 153.

*Let a writ of mandamus issue commanding the Commissioners of Jail Delivery for the County of Rutland forthwith to admit the relator to the poor debtor's oath and to deliver to him two certificates thereof, in accordance with the provisions of P. L. 2216. Let the relator recover his costs.*