**UNITED STATES v. GOTTFRIED.**

No. 229, Docket 22313.

United States Court of Appeals, Second Circuit.

Argued April 17, 1952.

Decided June 5, 1952.

Goldwater & Flynn, New York City (Monroe Goldwater, Harry Rodwin and Robert Conrad, New York City, of counsel), for appellant.

Myles J. Lane, U. S. Atty. (Louis Grossman, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before SWAN, Chief Judge, AUGUSTUS N. HAND and FRANK, Circuit Judges.

SWAN, Chief Judge.

This appeal presents an interesting question of first impression, namely, whether a defendant who was sentenced to a term of imprisonment and a fine with the direction that he stand committed until the fine is paid or otherwise discharged according to law, may make application to take the poor convict's oath under 18 U.S.C.A. § 3569 after having been paroled and having

served on parole more than 30 days after the expiration of his prison term.

There is no dispute as to the facts. In March 1947 the appellant was convicted under two indictments, on one of which he was sentenced to three years imprisonment and fined $10,000 and on the other received a shorter prison sentence, to be served concurrently with the three year term, and an additional $10,000 fine. Each sentence directed that he stand committed until the fine be paid or otherwise discharged according to law. After serving part of his sentence in the Federal Correctional Institution at Danbury, Connecticut, he was released on parole on April 25, 1949. The order of the Parole Board required "that said prisoner remain within the limits of Southern District of New York until April 24, 1951; or in the event of a committed fine or a committed fine and costs, until the same have been paid or he has been discharged under the provisions of Section 641, Chapter 19, Title 18, U.S. Code, or until other action may be taken by the said United States Board of Parole."[1] The appellant was also required to sign the "Statement of the Conditions under which this Parole is granted" and thereby subjected himself to supervision and restrictions customarily imposed upon paroled prisoners. Together with his "Certificate of Parole" he received Parole Form No. 11, which named April 24, 1951 as the "minimum date" and stated:

"The fact that you have a committed fine requires you to serve thirty days extra on parole unless your fine is paid. * * *

"If you cannot pay the fine now you should apply to the nearest United States Commissioner to take the Poor Convicts Oath. * * *

"You should continue regular monthly reports until your committed fine is satisfied."

By letter dated April 26, 1951 the Probation Officers notified him that his parole period had not expired because of the committed fines and "would run at least until May 24th * * *" Only a small part of the fines having been paid, on July 24, 1951, the United States Attorney, without notice to the appellant obtained an *ex parte* order that a warrant issue for his arrest and that he be surrendered to the United States marshal to complete the sentences previously imposed. Thereupon he moved to vacate said order, his affidavit stating that he is eligible to take the poor convict's oath and is about to make application to do so. This motion the court denied, reaffirming its former order but staying execution thereof pending appeal on condition that the appellant post bail, which he did. His brief states that he has continued on parole.

Section 3569 of Title 18 of the Code provides that "When a poor convict, sentenced * * * to be imprisoned and pay a fine, * * * has been confined in prison thirty days, solely for the nonpayment of such fine," he may make application to a United States commissioner "in the district where he is imprisoned" to take a pauper's oath; and upon taking it he shall be discharged, and the commissioner "shall file with the institution in which the convict is confined" a certificate setting forth the facts. The United States Board of Parole of the Department of Justice has for many years construed this section as permitting a paroled prisoner who was sentenced to both a prison term and a committed fine, to serve on parole the thirty days additional necessary to qualify him to take the poor convict's oath. In the case at bar the United States attorney has challenged this construction of the statute and taken the position that during the additional thirty days the poor convict must be actually "confined in prison." The district judge agreed with the United States Attorney. This court does not.

Section 3569 is derived from, and is substantially a copy of, section 1042 of the Revised Statutes with respect to the words above quoted. No doubt as originally enacted, the words "confined in prison thirty days soley for the nonpayment of such fine" contemplated actual confine-

---

1. The statute referred to is now 18 U.S. C.A. § 3569.

ment within prison walls, since parole of federal prisoners was then unknown. The system of parolling federal prisoners was introduced by the Act of June 25, 1910, 36 Stat. 819. In construing that Act, as amended, the Supreme Court said in Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 44, 68 L.Ed. 247:

" * * * The parole authorized by the statute does not suspend service or operate to shorten the term. While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term, less allowance, if any, for good conduct. While this is an amelioration of punishment, it is in legal effect, imprisonment. * *"

This case was cited with approval in Zerbst v. Kidwell, 304 U.S. 359, 361, 58 S.Ct. 872, 82 L.Ed. 1399. See also United States ex rel. Gutterson v. Thompson, D.C., 47 F.Supp. 150, 151, affirmed, 2 Cir., 135 F.2d 626, certiorari denied 320 U.S. 755, 64 S.Ct. 62, 88 L.Ed. 450; United States ex rel. Carapa v. Curran, 2 Cir., 297 F. 946, 950, 36 A.L.R. 877. While on parole the appellant was constrained to remain within the southern district of New York and subjected to various duties, such as making monthly reports, refraining from the use of intoxicating liquors, and obtaining permission from a probation officer before changing employment. Parole enlarged the confines of his prison but still left him within the legal custody and under the control of the Attorney General.[2] Such being his status, we believe that he was "confined in prison" within the meaning of section 3569 construed, as it should be, in connection with the Parole Act.

The appellee questions the Parole Board's power to parole the appellant for any period extending beyond the three year sentence which expired on April 24, 1951. The argument relies on 18 U.S.C.A. §§ 4203 and 4205. The former declares that a parolee remains, while on parole, in the legal custody of the Attorney General "until the expiration of the maximum term or terms for which he was sentenced." The latter section provides that a warrant for the retaking of a paroled prisoner may be issued only "within the maximum term or terms for which he was sentenced." The argument is grounded on the assumption that the appellant's three year sentence is his "maximum term." We cannot agree with this assumption. The appellant's maximum term was three years plus any further period until the fine is paid or otherwise discharged according to law. Parole Form No. 11, quoted above in the statement of facts, shows that such is the Parole Board's interpretation of the statute.[3] The Board's long standing interpretation of this provision of a statute which it administers is, at the least, entitled to great respect. See Bellefield Co. v. Heiner, 3 Cir., 25 F.2d 560, 563. We agree with it.

Orders reversed.

---

2. 18 U.S.C.A. § 4203. See also Gaffney v. Commissioners of Jail Delivery, 112 Vt. 438, 27 A.2d 114.

3. See also United States Probation Officers Manual, Chapter 8, pp. 34 and 35, dealing with committed fines of parolees.