JOSEPH PRESCOTT, in error, *vs.* REBECCA E. PRESCOTT.

*Libel for divorce — practice. Alimony. Costs. Error, when it will not lie.*

After a decree of divorce *a vinculo* on a libel in behalf of the wife, the court may, on motion or petition, decree to her a specific sum instead of alimony, although such claim is not specifically set out in the libel.

And such a decree may be made during the pendency of the libel, at any term subsequent to the decree of divorce.

Error will not lie because of the allowance of costs in behalf of the wife to whom a divorce *a vinculo* has been decreed upon her libel.

Nor because no deduction from the libelant's costs, as taxed, was made of the sum paid by the libelee under the order of the court to enable her to prosecute her libel.

Nor because the specific sum allowed instead of alimony was united in the execution in one sum, with such amount of the unpaid monthly installments, ordered to be paid by the libelee, as accrued after commitment, for contempt in not paying those theretofore ordered.

Generally, error will not lie when the questions of law raised by the assignments might have been presented to the law court in some other form.

WRIT OF ERROR to reverse a decree of the court against the plaintiff in a libel for divorce *a vinculo*, wherein the defendant was libelant. The writ was dated Nov. 9, 1868. The errors assigned were

1. "In making a decree in and by which the said Joseph Prescott was ordered and required to pay to the said Rebecca E. Prescott the sum of six hundred dollars instead of alimony; and also in entering up of judgment against the said Joseph for said sum of six hundred dollars in pursuance of said decree, there being no prayer, claim, or demand for alimony, or for a specific sum of money in lieu thereof, set forth or contained in said libel, or in any other proper plaint, process, or proceeding upon which such decree and judgment could be founded or predicated.

2. "Because the court ordered that said libelant be allowed her taxable costs, under which order costs were taxed at one hundred and twenty-one dollars and seventy-five cents, for which sum judgment was entered up as costs, and for which a writ of execution issued.

3. " For that no deduction from the libelant's costs (as taxed) was made of the several sums, amounting in all to forty-five dollars, paid by said Joseph, under orders of court, on the application of said libelant, as suitable sums to defray her expenses in the prosecution of her said libel.

4. " And for that the court ordered also that execution issue for the amount of such monthly installments, ordered to be paid by said libelee, as have accrued since his commitment to jail, and that in pursuance of said order, judgment was rendered against him, for for the sum of eighty dollars in addition to the sum of six hundred dollars allowed in lieu of alimony as aforesaid, and execution for said sums amounting to six hundred and eighty dollars and costs as aforesaid, was issued and levied upon the real estate of said Joseph in full satisfaction of said execution and all fees that accrued thereon while the said Joseph was imprisoned for the non-payment of said sum of eighty dollars."

The defendant pleaded the general issue.

It appeared from the record that the plaintiff in error was, at the April term, 1868, committed to jail by virtue of a warrant of commitment for not complying with the order of court requiring him to pay to the clerk the sum of twenty dollars on the last day of each and every month for the use of the defendant in error, etc.; and was confined in jail until discharged on *habeas corpus* at the following October term.

The concluding prayer of the libel was,—

" Your libelant prays that your honors will further decree that she may have the care and custody of her said children, with suitable provisions for their support; and that pending this, her libel, suitable decrees may be made that the said Joseph furnish a proper sum of money to enable her to prosecute the same, and for her separate support, and for the custody and support of the said children, and that such other orders and decrees may be made as to law and justice shall appertain."

The remaining essential facts as they appear by the record will be found in the opinion.

*Wales Hubbard*, for the plaintiff.

· R. S. c. 60, § 6, does not contemplate a decree of " reasonable alimony out of his (husband's) estate, having regard to his ability " or " instead of alimony a specific sum " without *its* being claimed in the libel and due notice given to the husband, that he may be prepared to show what would be reasonable, etc.   The statute gives the power on suitable process and notice.

By R. S. c. 104, § 11, " when a demandant recovers judgment in a writ of entry, he may therein recover damages for the rents and profits," and " for any destruction and waste."   But " may " he do it without declaring for it ?   Or if he claim " rents and profits " in his writ, may testimony be received to prove " destruction and waste."

There is no claim in the libel for any alimony or specific sum instead of alimony.

Other orders and decrees are prayed for for support, etc., " pending the libel," under § 5.

All the orders "·pending the trial " had been complied with.   All matters which the respondent had been summoned to answer to had been fully adjudicated on and judgment rendered.   The case was improperly continued thereafter.   Judgment had been rendered and should have been recorded as of that term.   The defendant was no longer in court by counsel, and himself in prison.   The decree was made *ex-parte.*

A claim for alimony would not authorize the court to decree a specific sum instead of alimony.   They are entirely different propositions.

The closing sentence in the prayer of the libel has reference to decrees incidental to the other decrees prayed for.   " With other due damages " in a writ of entry would not authorize judgment for rents and profits.

The libelant should have filed a petition and had it served upon the libelee at least.

Formerly no costs were allowed or taxed in libels for divorce. Hence Pub. Laws of 1853, c. 30, conferred authority to order the

husband to pay a suitable sum to the wife, etc., "for her defense or prosecution."

Husband is not obliged to advance "suitable sum" for her defense and prosecution to pay her costs and then her costs to be taxed and paid by him again after suit is no longer pending. Otherwise the statute would have provided for a deduction of the money already paid.

*F. Adams*, for the defendant.

APPLETON, C. J. This is a writ of error in which the plaintiff seeks to reverse a decree rendered against him in a libel for a divorce, in which the defendant in error was libelant.

The proceedings for a divorce, in some of the States, are by a bill in equity. In others they are by libel or petition. In England they are in the ecclesiastical courts. Error only lies where the proceedings are according to the course of the common law. It may well be questioned if error can be maintained to reverse a decree of divorce. Waiving, however, that question, we will proceed to examine the errors assigned, as they involve matters of practice of importance and of frequent occurrence.

It appears from the record that, after service of the libel, the plaintiff in error, then libelee, entered an appearance and contested the granting of the divorce; that an issue was formed and joined, and a trial had before the jury, who were unable to agree; that at a subsequent term the cause was opened to a jury, and then, by agreement, taken from them and submitted to the presiding justice, who, after a full hearing, decreed a divorce; that, pending the libel, the court ordered the libelee to pay to the clerk, for the libelant, a certain sum of money for the prosecution of the libel, and make provision for her separate support in a specified amount, to be paid monthly, which not being complied with, the libelee was committed; that after the divorce was decreed, the cause was continued from term to term, until August term, 1868, when the court further decreed "That in addition to the dower in the libelee's real estate, to

which the libelant is by law entitled, and in addition to the sums heretofore ordered by the court to be paid by the said libelee, the said libelee pay to the said libelant, instead of alimony, the sum of six hundred dollars, and in default of payment of the sum with the costs in this libel, legally taxable within twenty days from the final adjournment of the court, that execution issue for the said sum of six hundred dollars and taxable costs, etc.; and also that execution issue for such of the amounts of the monthly installments, heretofore ordered to be paid by the libelee, as have accrued since his commitment to jail."

1. The first error assigned is that the court ordered the libelee to pay the sum of six hundred dollars instead of alimony, "there being no prayer, claim, or demand for alimony, or for a specific sum in lieu thereof, set forth or contained in the libelant's said libel, or in any proper plaint, process, or proceeding upon which such decree and judgment could be founded or predicated."

The decree of a specific sum, instead of alimony, to be paid by the husband to the wife, in case of a decree of divorce, is in accordance with R. S. 1857, c. 60, § 6. The error assigned is that the libel contained no prayer, claim, or demand for alimony, and, therefore, that the court had no authority to decree it or any sum in lieu thereof.

The claim for alimony can only arise after a decree of divorce. Alimony is or may be an incident to a decree. *Jones* v. *Jones*, 18 Maine, 311. It is, necessarily, subsequent thereto. "It may accompany the main proceedings. It may follow them in the final judgment; it cannot exist in judgment when the divorce, or proceedings for divorce, does not; and it is difficult to see on what principle this matter must be mentioned in the principal pleadings, any more than in a suit at common law, the costs which the party hopes to recover must be so mentioned." 2 Bishop on Marriage and Divorce, § 488. In England, the claim for alimony is never inserted in the libel. Brandt's Law of Divorce, 197.

In the English practice, the application for alimony is by petition, called an allegation of faculties which sets forth the faculties

Prescott v. Prescott.

or means of the husband, and prays that alimony may be allowed. It has been, in our practice, usual to insert the claim for alimony in the libel, and this we think the better course; but if this be not done, the libelant, by motion or petition, may, during the pendency of the libel, set forth her claim for alimony. The language of the statute implies that the question of alimony is to be presented for adjudication after the decree of divorce. By R. S. c. 60, § 6, " The court may also decree to her reasonable alimony out of his estate, having regard to his ability."

The complaint is made that alimony was allowed at a term subsequent to that in which the divorce was decreed. But to that there can be no valid objection. The motion for permanent alimony is not to be made until after a decree of judicial separation. Brown's Divorce Court Practice, 144. The proceedings were not necessarily concluded because the divorce was decreed. The cause was continued, and it is to be presumed that the continuance was rightfully ordered.

While the libel was pending, it was subject to the order of the court. The decree might be reversed and the divorce disallowed. As in a default or where a verdict has been rendered, for cause shown, the default may be taken off or a new trial be granted. No error exists, because the hearing of the parties, as to the amount of alimony, was had at a subsequent term, when judgment was finally entered up. Before that was done, the matter was subject to the order of the court.

As the libel was pending, the question of alimony might be presented to the court at any time before the final disposition of the cause. The plaintiff, in error, appeared by his counsel. Their appearance was never withdrawn. It is not to be presumed that a hearing was had as to alimony, except on motion duly made, nor that the hearing was *ex-parte*.

2. If the allowance of costs was a matter of discretion, the record shows they were allowed, and a writ of error cannot be brought to reverse a judgment purely discretionary. If the libelant was entitled to costs, as the prevailing party, no exception on this point can be taken to the judgment allowing her costs.

3. The third error assigned is that no deduction from the libelant's costs, as taxed, is made of the several sums, amounting in all to $45, paid by the libelee, under the orders of the court, to enable the libelant to defray her expenses in the prosecution of her libel. By R. S. 1857, c. 60, § 6, the court may order a certain sum to be paid the wife for the prosecution of the libel. The aid of counsel is required to enable the wife to prosecute. The fees of counsel are not taxable in the bill of cost. Yet they must be paid. There were two trials. The amounts paid are not unreasonable as a compensation to the counsel engaged in the prosecution. The libelee, if he claimed a reduction from the taxable bill of cost, should have moved to be heard in the taxation of costs. If he did, then the decision of the judge, without exception thereto, concludes the party. If he did not, it is his own negligence, of which he shall not be permitted to take advantage.

In *Kendall* v. *Kendall*, 1 Barb. Ch. 611, which was a bill in equity for a divorce, this question arose, and Mr. Chancellor Walworth says: "Nor was it intended that the allowance to her, for costs and expenses of the suit, should be confined to the mere taxable costs as between party and party. In litigated cases, where the wife is necessarily subjected to extra expenses and counsel fees, in addition to the taxable costs as between party and party, the whole amount which has been advanced to her, *pendente lite*, for costs and expenses, should not be deducted from the ordinary bill of costs, as between party and party, to which she is entitled under the decree. But the husband should only be allowed for the balance of his advances after deducting therefrom the necessary expenditures of the wife, for counsel fees, etc., which are not included in the ordinary taxed bill."

4. The order of the court was, that execution should issue for the sum allowed in lieu of alimony being $600 and the amount of such monthly installments heretofore ordered to be paid by the libelee as have accrued since his commitment to jail, and execution was issued for said sums, amounting to $680 and costs.

The libelee, by order of court, was liable for both sums. The court may enforce obedience to its order by appropriate processes.

§ 6.   The issuing execution for the amount allowed as alimony is such process.   *Orrok* v. *Orrok*, 1 Mass. 341.   The plaintiff in error was not injured by uniting in one execution the sum of the unpaid monthly installments and the sum decreed in lieu of alimony.   He was rather thereby benefited, as the costs would be less.   It would be absurd to reverse a judgment, even if there was a question whether two executions should not have been issued instead of one, when the party seeking such reversal not merely has lost nothing, but, on the contrary, has made a slight gain.

In determining whether the proceedings were erroneous, we must look only to the record.   The plaintiff in error must allege and prove by the record the errors therein to exist upon which he relies, when the errors are those of law.   If it be a matter of doubt, the writ will not be granted.   A judgment will not be reversed because it may be erroneous.   *Flanders* v. *White Mountain Bank*, 43 N. H. 383.   Error will not lie when the party alleging it might have appealed.   *Savage* v. *Gulliver*, 4 Mass. 171.   No judgment can be " reversed for any want of form which might have been amended."   *Lord* v. *Pierce*, 33 Maine, 350.   The plaintiff in error was present in court by his counsel, and if there was no valid motion for alimony or there was any illegality in the proceedings before the court, the questions of law thus arising might have been presented to the full court by exception or report.   An exception will be deemed as waived when the party is present and has an opportunity to except and does not then avail himself of it.   *Peebles* v. *Rand*, 43 N. H. 337.   " We think," observes Bell, C. J., " it may well be considered that a party has waived any objection to an order or decision of the court, to which, being present and having an opportunity to object, he has, at the time, taken no exception."   When a motion to dismiss for want of service is overruled in the court below, the action being appealable, the party making it withdraws his appearance and is defaulted, he cannot afterwards bring error.   *Monk* v. *Guild*, 3 Met. 372.   When a party appeared by his counsel, and, before judgment, withdrew his appearance, upon his own motion, he must be deemed to have had an opportunity to appeal, and having had this op-

portunity he cannot bring error.  *Howard* v. *Hill*, 31 Maine, 420. These principles apply to the case at bar.  The plaintiff in error appeared by his counsel.  The questions of law raised in and by this writ of error might in some form have been presented to the law court for adjudication.

If the husband files no answer he has no *locus standi* at the hearing as to alimony.  Brown's Divorce Court Practice, 152.  So, if the counsel voluntarily withdrew before the question of alimony was presented to the court for adjudication, it has been seen that the plaintiff could not bring his writ of error.  If being present, the counsel omitted or neglected to raise the questions now presented by report or exception, his client cannot be in a better condition, than if he had not withdrawn.  So far as the proceedings in relation to alimony are mere matters of discretion on the part of the presiding judge, they cannot be revised either by exceptions or writ of error by the full court.

*Judgment affirmed with costs for the defendant in error.*

CUTTING, KENT, BARROWS, and DANFORTH, JJ., concurred.