Rees, Gabriel & Company v. Shepherdson, *et al.*, Appellants.

Practice: PRAYER. A personal judgment cannot be allowed under
1 the general prayer for "such other and further relief as equity may require."

Mechanic's Lien: PERSONAL LIABILITY. Where lumber for a woman's house is sold and charged to her husband personally, and it does·
2 not appear that she authorized him to contract for it in her name, she is not personally liable therefor, though she has given him full control of the property on which the house was erected, with power to improve it as he saw fit. *Wilverding v. Offineer*, 87 Iowa, 475, *followed*.

*Appeal from Polk District Court.*—Hon. W. F. Conrad, Judge.

Friday, October 4, 1895.

Action in equity to recover for certain lumber sold to defendants, which was used in the erection of certain buildings, and to establish an equitable lien upon the buildings and lot, and for general relief. There was a decree and a judgment for the plaintiffs, and defendant Clara Shepherdson appeals.—*Reversed.*

*McHenry & McHenry* for appellants.

*Berryhill & Henry* for appellees.

Rothrock, J.—The defendant does not ask a general reversal of the decree of the district court. It is conceded that the plaintiff is entitled to an equitable lien as against the property. In addition to establishing the lien as prayed for in the petition, the court

rendered a personal judgment against the appellant, and ordered that special execution issue for the sale of the property, and that, after a sale under the special execution, a general execution should issue against the appellant for the balance of the judgment, if any, remaining unpaid. It is averred in the petition that the lumber sold by plaintiff to J. H. Shepherdson, the husband of appellant, was furnished by plaintiff, and used in the erection of the building, with the full knowledge and acquiescence of the appellant. This averment of the petition was denied in the answer. It does not appear in evidence that at the time the lumber was sold the plaintiff extended credit to the appellant. On the contrary, the entries made in plaintiff's day book and ledger were a charge against J. H. Shepherdson, appellant's husband, and Hambleton Bros., and the name of appellant did not appear on plaintiff's books until months subsequent to the closing of the account. It is true that the petition, in addition to claiming an equitable lien on the property, prayed for "such other and further relief as equity may require." And the appellant testified as a witness that she gave her husband full control of the property in question to improve it in such a way as he saw fit, and generally to do with it as he would with his own property. It is a well-established rule that under a prayer for general relief in an equitable action the plaintiff may have any relief to which he is entitled under the facts pleaded and the evidence. *Laverty v. Sexton,* 41 Iowa, 435; *Hoskins v. Rowe,* 61 Iowa, 180 [16 N. W. Rep. 78] We do not think the personal judgment can be sustained under this rule. The personal judgment is not equitable relief within the general prayer of the

petition, and the evidence as to the sale of the lumber does not show a personal liability against the appellant. It was not her debt when the lumber was sold and the account made up, and there is no evidence that appellant authorized her husband to contract for lumber in her name. The case, in its material and controlling facts, is substantially like the case of *Willverding v. Offineer*, 87 Iowa, 475 [54 N. W. Rep. 592], where it was held that a daughter, the owner of real estate, was not personally liable for materials which her father purchased to erect a building upon her property. The decree of the district court, so far as it made appellant personally liable, is *reversed.*