Lynde v. Lynde.

MARY W. LYNDE

v.

CHARLES W. LYNDE.

1. A decree for alimony cannot be made against a defendant who is not served with process for appearance, does not appear in the cause, or has no property within control of the court.

2. Alimony is not an independent claim or right. It is incidental to a bill for divorce or other relief between husband and wife.

3. Whether it can be had after a final decree in the divorce case which is silent as to it, except through amendment of the decree, quære.

4. While this court will not vary or alter an enrolled decree in a material point without a bill of review or a rehearing, it will, upon petition, amend its enrolled decree when the amendment is necessary to give full expression to its judgment and is matter which would without doubt have been incorporated in the decree when made if attention had been called to it.

On petition of Mary W. Lynde, which seeks the vacation of the enrollment in this cause and amendment of the decree made

on the 7th of August, 1893, by the addition of a clause thereto which shall reserve to the court the right to allow alimony to the petitioner and to regulate the amount thereof from time to time.

*Mr. James Westervelt,* for the petitioner.

*Mr. J. Herbert Potts,* for the defendant.

THE CHANCELLOR.

The petition for divorce in this case was filed in November, 1892, by James S. Aitkin, Esq., as the solicitor for the petitioner. When it was filed the defendant did not have any property, but his father was alive and was a man of considerable wealth. In giving her solicitor instructions the petitioner discussed this fact with him, and the probability of the defendant ultimately having bounty or inheritance from his father. She was anxious that she should obtain a decree which would admit of her having alimony thereafter, the amount of which could be fixed according to her husband's wealth, and accordingly her petition contained a prayer for alimony.

When the petition was filed the defendant was not resident in the state, and upon proof of that fact he was proceeded against as a non-resident or absent defendant. Notice was duly published and mailed to him, which expressly declared that the suit was for divorce from the bond of matrimony "and for alimony." The defendant was not served with process and did not appear in the suit.

Knowledge of the pendency of the suit reached his brother, a lawyer in the city of New York, who, at the instance of his father, retained a solicitor of this court to prevent if possible the entry of a decree for alimony, but not to contest the application for divorce.

It was the object of the father and brother to have the decree to be made in the case expressly provide that there should be no alimony, and, if possible, to secure a written agreement to such a decree. The testimony of the solicitor so employed is

that he examined the petition for divorce and found that it did not pray for alimony, and that he had an understanding with Mr. Aitkin that a decree for alimony would not be demanded. It is evident from the fact of the presence of the prayer for alimony in the petition that the recollection of the solicitor upon that point is at fault, and, as Mr. Aitkin has no remembrance of making any agreement with him to the effect that alimony should not be demanded, his memory or understanding of the effect of his interview with Mr. Aitkin, possibly, is at fault also. But however that may be, the solicitor thus employed did not enter an appearance for the defendant in the suit. Nor did he undertake to act for the defendant. Any such agreement as is insisted upon should have been in writing to entitle it to recognition by the court. Mr. Aitkin's client's instructions forbade any agreement which would abandon alimony.

In preparing the decree in the case it is clear that Mr. Aitkin did not deem himself to be bound in any way to omit reference to alimony. His testimony is that it was his purpose to so draw the decree as to reserve for the petitioner the right to thereafter have alimony. He says that it was impossible at that time to have any amount of alimony allowed and fixed because the defendant then led a worthless, vagabondish existence. He attributes his failure to make the proposed insertion in the decree solely to the facts that in drawing that document he followed a form which did not contain the provision, and that through inadvertence he omitted it. Neither he nor his client became aware of his omission until about the time of making the application. As the proofs stand I think that the agreement insisted upon is not proven, and that the omission in the decree is shown to have arisen through inadvertence.

As the decree was against the absent defendant, who was not served with process, did not appear in the case and did not have property which was under the court's control, it could not have given alimony—a judgment *in personam*—in favor of the wife. *Brown Jur.* § *11;* 2 *Bish. Mar., D. & S.* § *844; Browne Div.* *267.*

At best it could only have reserved question as to the allow-

ance of alimony for future determination, upon application to be made after jurisdiction of the defendant for that purpose should be obtained, by actual personal service of process upon him, his appearance or his acquirement of property in New Jersey.

By the unwritten law, alimony is not a matter of independent claim or right. *2 Bish. Mar., D. & S. § 839; 1 Bish. Mar., D. & S. § 1368.* It is incidental to a bill for divorce or other relief between husband and wife. *Anshutz* v. *Anshutz, 1 C. E. Gr. 162; Miller* v. *Miller, Sax. 386; Yule* v. *Yule, 2 Stock. 138; Cory* v. *Cory, 3 Stock. 400; Rockwell* v. *Morgan, 2 Beas. 119, 121.* The nineteenth section of our statute (*Gen. Laws 1269*) treats of it as attendant upon a suit for divorce. It declares that

"when a divorce shall be decreed, it shall and may be lawful for the court of chancery to take such order touching alimony and maintenance of the wife * * * by the husband, as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just,"

and where the wife is the complainant in such a suit, to require security from the husband, and, in its default, to sequester his personal estate and the rents and profits of his real estate, and apply the same "to such maintenance and allowance as to the said court shall from time to time seem reasonable and just."

. The contemplation of the legislature in this section is that, when the divorce shall be decreed, the court may "take order," make some direction, touching alimony for the wife. Its action need not be final upon the subject. It will deal with the conditions then existing and allow and fix the alimony or reserve the question pending future changes in circumstances. In providing that the personal estate and rents of the realty of the husband may be applied to "such maintenance and allowance as to the said court shall from time to time seem reasonable and just," the statute exhibits an intention that the subject shall be continuously dealt with according to the varying conditions and circumstances of the parties. *Richmond* v. *Richmond, 1 Gr. Ch. 90; Calame* v. *Calame, 10 C. E. Gr. 548, 551.*

The reason of such legislative purpose is obvious. Consum-

Lynde *v.* Lynde.

mated marriage carries with it rights and duties which, so far as a faithful wife is concerned, can morally end only with the life of one of the parties. Her right to support and maintenance continues so long as it is just that she shall retain it. It is co-extensive with the husband's position and ability. His ability and the justice of her enjoyment of her right are subject to the change of circumstances which the court cannot anticipate, and hence complete justice requires that the court's power to act shall be kept open so long as it may be needed to direct just variation.

It is plainly the legislative contemplation that the subject of alimony is to be dealt with as an adjunct of the divorce suit, and I cannot but deem it, at least, a question of grave doubt whether, when the final decree in such a case fails to treat of the question of alimony in any way, and more particularly when in a case like the present, where alimony is specially asked, it so fails, it will not be taken to have determined all matters involved in the suit and to have ruled adversely to the question of alimony, which it has not affirmatively responded to by allowance or reservation. I need not decide this question. Its gravity is enough to satisfy me that the amendment sought will be of material value to the petitioner.

I am satisfied that the omission of the decree to reserve the question as to alimony was not a deliberate act of the petitioner's counsel based upon the exercise of his judgment, but was due to the inadvertence of that gentleman in drafting the decree. The evidence in the cause makes a *prima facie* case for the allowance of alimony, to be limited in amount by the defendant's ability, and I perceive no ground upon which the court could or should have refused to reserve question as to the allowance if such reservation had been asked when the decree was signed.

Respecting such an amendment the rule recognized by this court is, that while the court will not vary or alter an enrolled decree in a material point, without a bill of review or a rehearing, it will, upon petition, amend its enrolled decree, when the amendment is necessary to give full expression to its judgment, and is matter which would without doubt have been incorpo-

rated in the decree when made if attention had been called to it. *Dorsheimer* v. *Rorback*, *9 C. E. Gr. 33*; *Jarmon* v. *Wiswall*, *9 C. E. Gr. 68*; *Jones* v. *Davenport*, *18 Stew. Eq. 83*. I think that the amendment should be made in this case. The petitioner's delay in asking for it is not attributable to laches nor to acquiescence in the decree as made. The proof is uncontradicted and satisfactory, that she did not know of the deficiency in the decree until just before she made the present application. Her attention was then called to it, because the defendant's father had died, and it was ascertained that the defendant would take a valuable interest in the residuary estate and she prepared to ask the court's assistance under the decree. It is true the defendant has married again. He represents this fact by an affidavit which fails to disclose the date of his remarriage. Whether the marriage took place before or after the present application, does not definitely appear by admissible evidence. But I do not think that the fact of his remarriage changes the situation. It exhibits the defendant's acquiescence in the divorce. The matter of the amendment will not disturb the divorce. The decree will be amended without being opened, either by insertion of the matter in the decree itself or by a supplemental order.