WILLMYRTH ECKER v. R. B. ECKER.[1]

July 23, 1915.

Nos. 19,336—(198),

**Divorce — alimony in uncontested actions.**

In a suit for divorce where personal service is made upon the defendant, the court has power to allow alimony, although the complaint contains no specific demand therefor and the defendant does not answer.

Action for divorce in the district court for Hennepin county. Defendant made no appearance. The case was tried before John Day Smith, J., who made findings and ordered judgment in favor of

[1] Reported in 153 N. W. 864.

plaintiff. From an order Leary, J., denying defendant's motion for an order amending the judgment, defendant appealed. Affirmed.

*Jesse Van Valkenburg,* for appellant.

*Adolph E. L. Johnson,* for respondent.

TAYLOR, C.

Both plaintiff and defendant are residents of Hennepin county. Plaintiff sued for a divorce and the summons and complaint were served upon defendant personally. Defendant interposed no answer, and judgment was rendered granting the divorce and directing defendant to pay plaintiff $15 per month as alimony until the further order of court. Thereafter defendant made a motion to strike the provision for the payment of alimony from both the findings and the judgment. The motion was denied and he appealed.

Section 7896, G. S. 1913, provides that, "as against a defendant who does not answer, the relief granted to plaintiff shall not exceed that demanded in the complaint." Defendant did not answer and the complaint made no express demand for alimony; and defendant contends that the above statute debarred the court from granting alimony. If the case is controlled by the above provision his contention is well founded. Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L.R.A.(N.S.) 803, 118 Am. St. 612, 11 Ann. Cas. 348. This provision is found in the general practice act and applies wherever no different provision is made by some specific statute. Divorce suits are controlled and governed by a specific statute devoted to that particular subject matter; and, in divorce suits, the provisions of this specific statute supersede those of the general practice act insofar as they are inconsistent therewith. Section 7128, G. S. 1913, authorizes the court to decree alimony to the wife, "upon a divorce for any cause except that of adultery committed by the wife." This provision, together with other provisions of the statute relating to divorce, was considered in Sprague v. Sprague, 73 Minn. 474, 76 N. W. 268, 42 L.R.A. 419, 72 Am. St. 636, and it was there held that the court had jurisdiction to determine the question of alimony, although the complaint made no reference thereto and defendant failed to answer. The facts in that case were entirely

different from the facts in the case at bar, but the question as to whether the court had jurisdiction to determine the matter of alimony where no reference thereto was made in the complaint and the defendant did not appear was directly involved and decided adversely to defendant's contention. We follow that case and hold that the court had power to allow alimony in the case at bar.

Order affirmed.