HEGWOOD *v.* HEGWOOD.

Opinion delivered March 18, 1918.

1. DIVORCE—CRUEL TREATMENT.—In an action for divorce on the grounds of cruel treatment, and that defendant offered such indignities to the plaintiff as to render her condition intolerable, *held,* the evidence sufficient to sustain a decree granting the divorce.

2.    DIVORCE—DIVISION OF PROPERTY—DISCRIPTION.—The division of
      the property is a mere incident to the divorce and it is not essential
      to the jurisdiction of the court that the pleadings should set forth the
      property.   The decree for divorce draws to the court the power to
      ascertain the description of the property owned by the husband, for
      the purpose of awarding to the divorced wife her share thereof.

Appeal from Woodruff Chancery Court, Northern
District; *Edward D. Robertson*, Chancellor; affirmed.

*E. M. Carl Lee,* for appellant.

1.   The complaint alleges no ground of divorce under
our statute.   Kirby's Digest, § § 2672-2678.   The court
had no jurisdiction.

2.   The testimony is insufficient.   105 Ark. 196; 9 *Id.*
507; 38 *Id.* 98; 104 *Id.* 384; 53 *Id.* 484.

3.   The property is not mentioned in the pleadings
or testimony and the court had no jurisdiction.   The
appellant was not to blame and it was error to decree a
divorce and award alimony.   115 Ark. 58 and cases *supra.*

*Roy D. Campbell,* for appellee.

It is insisted here for the first time that the
complaint is insufficient.   It is too late now.   To compel
a mother to live apart from her children and to keep
them away from home makes her life intolerable and
justifies a divorce.   The evidence sustains the decree in
all things.   Kirby's Digest, § 2672-8; 44 Ark. 435; 9 Ark.
507, etc.

McCULLOCH, C. J.   This is an action for divorce
by appellee against appellant.   The court decreed a di-
vorce, and also awarded appellee her share of appellant's
property in accordance with the terms of the statute.
Kirby's Digest, § 2684.   The grounds alleged for divorce
were that appellant was guilty of cruel treatment, and
offered such indignities as to render her condition in-
tolerable.   The grounds for divorce are not set forth in
the exact language of the statute, but the allegations
taken as a whole are sufficient to constitute a statement
of a cause of action on the statutory grounds stated

above. The proof was, we think, sufficient to sustain the allegations.

The parties intermarried in the early part of the year 1912, and separted in the year 1917. Appellee has two half-grown sons, and appellant's feeling and conduct toward these boys originated the unhappy state which came to exist between appellant and appellee. The testimony shows that appellant conceived a violent dislike for the boys and drove them from the home repeatedly and threatened them with violence, and that he also became abusive and cruel in his conduct toward his wife to such an extent that she was unable to live with him. A state of facts was shown by the testimony which rendered her condition intolerable. The decree was rendered on personal service and appellant was represented by counsel but did not testify in the case himself or offer the testimony of any other witness. The testimony of appellee was corroborated by the testimony of several other witnesses and we think it was sufficient to justify a decree for divorce.

It is also contended that the court had no jurisdiction to award appellee a share in certain town lots, and that it was error to do so for the reason that the lots were not described in the pleadings or proof. The statute makes it the duty of the court in a decree for divorce from the bonds of matrimony, where the divorce is granted to the wife, to award to the divorced wife "one-third of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life," and that every such final order or judgment shall designate the specific property to which such wife is entitled. Section 2684. The division of the property is a mere incident to the divorce suit and it is not essential to the jurisdiction of the court that the pleadings should set forth the property. The decree for divorce draws to the court the power to ascertain the description of the property owned by the husband for the purpose of awarding to the divorced wife her share

thereof. Of course, there ought to be some evidence of the existence and description of the property upon which the court acts, but appellant is in no attitude to complain, for, if he is not the owner of property he suffers no injury by the award, and if he does own the property described, the divorced wife is entitled to the share which the court awarded to her.

Decree affirmed.