[No. 26844. Department One. December 30, 1937.]

THE STATE OF WASHINGTON, *on the Relation of Wm. E. Foster, Plaintiff,* v. THE SUPERIOR COURT FOR YAKIMA COUNTY, *Dolph Barnett, Judge, Respondent.*[1]

[1]Reported in 74 P. (2d) 479.

*Arthur Kirschenmann* and *Charles F. Bolin,* for relator.

*Clark & Grady,* for respondent.

SIMPSON, J.—This is an application for a writ of prohibition to restrain the superior court of Yakima county from proceeding to punish plaintiff for contempt of court because of his failure to make certain payments of money in accordance with the provisions of the interlocutory decree entered in the divorce action between himself and wife.

On April 3, 1937, Lydia M. Foster and plaintiff were divorced in the superior court of Yakima county. The interlocutory decree in that case, omitting the formal parts, recited:

"IT IS ORDERED, ADJUDGED AND DECREED That there be and is hereby awarded to the plaintiff as her sole and separate property an undivided interest in and to all of the separate property of the defendant, real and personal or mixed, and wherever the same may be situated, and particularly

"The South half of the Southwest quarter of Section 14, Township 9, North, Range 21 E. W. M., in Yakima County, Washington, being known as Allotment No. 2816, and the dwelling house, building and appurtenances thereunto belonging, and

"20 head of registered Short Horn heifers, 2 Registered Short Horn bulls, and 20 head of yearling steers, the latter of which are branded 'ID',

awarded to the defendant by the United States Government and the increase thereof and replacements and substitutions therefor; also an undivided one-third interest in and to all property acquired by the plaintiff and defendant during their marriage, together with all increases of and additions to or replacements thereof, consisting of the farm machinery and equipment, horses, cattle and sheep and the hay raised upon said real estate during 1936 consisting of approximately 350 tons, and such other and further crops of hay and other produce as may hereafter be grown upon said property

to the extent in the amount of $6,000.00 in market value of any or all of such property, which undivided interest shall be extinguished and the defendant be and he is hereby ordered and directed to do so by paying to the plaintiff the sum of $6,000.00 in the following manner:

"There shall be paid to the plaintiff the sum of $250.00 forthwith upon the service upon him of a copy of this order, and sum of $750.00 shall be paid to her on or before June 1st, 1937. The sum of $1000.00 shall be paid on or before November 1, 1937, $1000.00 on or before·April 1, 1938, $1000.00 on or before November 1, 1938, $1000.00 on or before the April first, 1939, and $1000.00 on or before November 1, 1939, and any of said installments not so paid by said times shall bear interest at the rate of 6% per annum from the due date thereof until paid, and to secure the payment thereof the plaintiff is hereby awarded and given an equitable lien upon all of the property of the defendant, real, personal and mixed of every kind and character and wherever the same may be situated which may be foreclosed in the manner provided by law, as in the case of a chattel mortgage in the event said payments are not made at the time and in the manner herein provided.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED That the court shall and does hereby reserve jurisdiction over this cause and the parties hereto and of the property referred to herein for the making and entry of such other and further orders as to the court may seem proper and for the purpose of so modifying this decree as to award and set over specific property to the plaintiff in lieu of any of the money payments herein directed to be made and to require the delivery of such other property by defendant to the plaintiff or to order any property which the defendant may now have or which he may subsequently acquire any interest in to be sold in satisfaction of the award made to plaintiff, whether the same be due and payable according to the terms hereof or not and to require the defendant or a commissioner appointed by the court from time to time to execute and deliver to the plaintiff such mortgages, chattel mortgages or other securities as to the court may seem proper to secure and insure the plaintiff in

acquiring the amount of money, or its equivalent in property, according to the terms of this decree."

Following the decree, it provided for the payment of five hundred dollars as attorney's fees and the sum of $63.35 costs.

No appeal was taken from the interlocutory decree. Plaintiff and his wife had no children.

It is conceded that the plaintiff has only paid two hundred dollars of the amount ordered to be paid by the terms of the interlocutory decree.

On the 31st day of August, 1937, Wm. E. Foster, plaintiff herein, was served with a show cause order returnable on September 16, 1937, requiring him to show cause why he should not be adjudged in contempt of court for failure to make the payments provided in the decree. He made a motion to quash the service of the show cause order on the ground that the court was without jurisdiction to enforce the terms of the decree by contempt proceedings. The motion was denied, a hearing was had on the contempt proceeding, and the petitioner herein was adjudged in contempt of court and ordered confined in the county jail until he complied with the terms of the decree.

The only question presented is whether the decree makes a provision for alimony or simply makes a property award to the wife.

It is conceded that, if the decree is one providing for the division of the property of the divorced parties, or makes a property award to the wife, then its provisions cannot be enforced by contempt, but on the other hand if the decree is one providing for alimony, resort may be had to contempt proceedings in order to enforce its performance. Such is the law in this state. Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507] (Laws of 1933, chapter 112, p. 432, § 1); *State ex rel Ridenour v. Superior Court,* 174 Wash. 152, 24 P. (2d) 418; *State*

*ex rel. Lang v. Superior Court,* 176 Wash. 472, 30 P. (2d) 237.

The provisions of the decree in this case are almost identical with those set out in *Cassutt v. Cassutt,* 126 Wash. 17, 217 Pac. 35. In that case, the decree recited that the community owned a business, known as the Seattle Music House, of the approximate value of between forty and fifty thousand dollars. It then concluded that the wife was entitled to have paid to her for maintenance, support for herself and as a final settlement of the community property the sum of fifteen thousand dollars in installments of four hundred dollars, payable each month until the total sum of fifteen thousand dollars, together with interest, should be fully paid. It impressed a lien in favor of the wife against the business known as the Seattle Music House to secure the faithful performance of the order of the court. At the same time, the court awarded the business of the Music House to the husband. A bond of twenty thousand dollars was also required and furnished by the husband and another for the security of the payments required by the decree. Later, upon petition, the court attempted to reduce the four hundred dollar monthly payments to one hundred fifty dollars per month. Upon appeal, we held that the interlocutory decree in that case was one providing for a division of the property, or a property settlement, and further that the trial court was without jurisdiction to modify the decree, in view of the provisions of Rem. Rev. Stat. (Sup.), § 988, which provides that the interlocutory decree relative to the custody, management, and division of property shall be final and conclusive upon the parties, subject only to the right of appeal.

It will be noticed that the decree before us uses the words:

"That there be and is hereby awarded to the plaintiff

as her sole and separate property an undivided interest in and to all of the separate property of the defendant, . . ."

This shows in the beginning that the purpose of the court in its disposition of the affairs of the community was to give to the wife a certain definite part of the separate property of her husband.

The decree goes on to describe the property, states the value of the interest of the property decreed to the wife, provides for a lien on the husband's property, and then says, "which undivided interest shall be extinguished upon the payment of $6000. . . ."

The court made definite provision for the enforcement of its decree by reserving jurisdiction to modify it so as to award and set over specific property to the plaintiff in lieu of any of the money payments required to be made. The decree does not mention alimony, nor does it mention support for the wife.

We conclude that the interlocutory decree entered in this case provided only for an award of property belonging to the husband and was not a provision for the payment of alimony; hence, the court did not have jurisdiction to compel the performance of the decree by contempt proceedings.

The writ will issue.

STEINERT, C. J., MAIN, HOLCOMB, and GERAGHTY, JJ., concur.