[No. 29049. Department One. July 17, 1943.]

UINTAH ERMEY, *Respondent,* v. ROBERT E. ERMEY, *Appellant.*[1]

*Padden & Moriarty* and *Melvin T. Swanson,* for appellant.

*John L. Fitzpatrick,* for respondent.

MALLERY, J.—The respondent, plaintiff below, filed her complaint for divorce, and in the prayer asked only for a divorce and the return of her maiden name, "and for such other and different relief as to the court seems meet and just," and for nothing more. There were no facts pleaded in the complaint that would permit any further or additional relief.

The appellant, defendant below, after being served a copy of this complaint, did not appear within the time allotted, and he was adjudged to be in default. The case proceeded to hearing as a default divorce case, without the appellant being present or represented, and a decree was granted the respondent, awarding a divorce, restoring her maiden name, and in addition contained the following provision: " . . . and that defendant is ordered to pay to the plaintiff $40.00

[1] Reported in 139 P. (2d) 1016.

a month for a period of two years from the date hereof." Appellant appeals from the additional provision in the decree only, and its inclusion is the sole error assigned.

*In re Sixth Avenue West, Seattle,* 59 Wash. 41, 109 Pac. 1052, Ann. Cas. 1912A, 1047, the court said:

"Learned counsel for the city moved to dismiss the appeal of the cremation association for want of proper assignment of error. It is plain from appellant's brief that it claims that the learned trial court was in error in rendering judgment against its land for an amount greater than the assessment, since it did not appear or offer objections to the roll, and the judgment was rendered by default. This court has held that a judgment rendered by default, against a defendant who has made no appearance in the case, is appealable. *Rhode Island Mtg. & Trust Co. v. Spokane,* 19 Wash. 616, 53 Pac. 1104. The motion must therefore be denied. It is elementary that the relief granted to the plaintiff in a case in which the defendant has not appeared cannot exceed that which is demanded in the complaint. Such a judgment is clearly erroneous. *Bank of California v. Dyer,* 14 Wash. 279, 44 Pac. 534; 23 Cyc. 741."

See, also, *Titus v. Larsen,* 18 Wash. 145, 51 Pac. 351; Judgments, 31 Am. Jur. 130, § 515; Judgments, 34 C. J. 191, § 413.

The appellant had a right to allow the default to be taken against him, secure in the knowledge that the decree would not exceed the demand of the complaint.

Demand for "other or different relief" adds nothing to the demand of the complaint, because of lack of specification. See 3 Bancroft Code Pleading, § 1352, p. 2204. See, also, 6 Bancroft Code Practice and Remedies, § 4721, p. 6166.

The decree will be modified by striking therefrom the matter appealed from, and is remanded to the trial court for that purpose.

SIMPSON, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.