[No. 30618.    Department Two.    December 8, 1948.]

HENRIETTA H. ACKERMAN, *Appellant,* v. FRANK L. ACKER-
MAN, *Respondent.*[1]

*Llewellyn S. Jordan,* for appellant.

*Eugene A. Mueller* and *Everett O. Butts,* for respondent.

MILLARD, J.—On July 12, 1941, plaintiff and defendant
entered into a written agreement, entitled "Property Set-
tlement Agreement," in which it was provided that de-
fendant should pay certain alimony to plaintiff. On the
same date, a complaint for divorce was filed by the wife
against the husband, upon whom personal service was had
within King county. On August 5, 1941, an order of de-
fault was entered against defendant. On August 13, 1941,
hearing was had of the default divorce action, at which
time the property settlement agreement was marked as an
exhibit and received in evidence. Findings of fact, conclu-
sions of law, and interlocutory order of divorce were en-
tered in favor of plaintiff. The interlocutory order was
confirmed by final decree entered, February 19, 1942. June
1, 1942, the parties, by written stipulation which was con-
firmed by the court, provided for modication of the decree

[1]Reported in 200 P. (2d) 527.

in respect solely to the amount of alimony to be paid by defendant to plaintiff.

On November 4, 1947, down to which date defendant made payments to his wife as and for alimony, pursuant to the terms of the interlocutory order and final decree, defendant filed a petition for construction of the decree or, in the alternative, for modification of the decree. Plaintiff wife, in addition to answering the petition, obtained the issuance of a writ of garnishment, directed to the husband's employer. On December 30, 1947, an order was issued requiring the husband to show cause why he should not be held in contempt for his failure to comply with the modified decree in respect to the payment of alimony.

The interlocutory order, entered August 13, 1941, provided that, from and after the execution of the agreement by the respondent and appellant, the husband "will" pay to the wife for her support and maintenance $125 monthly, which shall be increased to $150 monthly in the event the husband's income be increased to $400 monthly. The trial court held that that portion of the interlocutory order of August 13, 1941, and the order entered by the court June 1, 1942, confirming stipulation for modification of the decree, were of no force and effect for the reason that they were "without any basis or foundation of allegations of fact or prayer therefor in the complaint, or any pleadings in the cause." Judgment was entered in favor of defendant. Plaintiff appealed.

Respondent was familiar with all the terms of the property agreement between himself and appellant. He conformed to that agreement and paid the amounts required of him thereby for a number of years. That agreement was incorporated into and made a part of the interlocutory order, which was confirmed by final decree of divorce entered February 19, 1942.

In *Hopping v. Hopping*, 233 Iowa 993, 10 N. W. (2d) 87, 152 A. L. R. 436, a wife instituted an action for divorce against her husband. She did not, in the allegations of the complaint nor in the prayer, ask for alimony. Summons and complaint were served on defendant, who defaulted.

The wife obtained a divorce and was granted alimony on the default hearing. The wife garnished the employer of the husband upon her judgment for alimony, and the husband moved, as was done in the case at bar, for dismissal of the garnishment, upon the ground that the judgment originally entered was invalid. The court held that the judgment for alimony was not void, and that the court had jurisdiction to enter such judgment, even though there was not any allegation or prayer for alimony in the complaint, and although the defendant defaulted in the action. The court said:

"A default on the part of the defendant, by failing to appear or to plead, admits no allegation of the petition material to the right of divorce or to any other relief incidental thereto. It is incumbent upon the party seeking the divorce and the incidents thereof to establish the right thereto by the requisite proof. Such party may not, by failing to ask for alimony or a share of the spouse's property, deprive the court of the right to make such an award if to do so would be a benefit or protection to the injured party or the children, and therefore to the interest of the state and the public. Alimony or property settlements made by the parties are always subject to the scrutiny and the approval of the court."

*Hopping v. Hopping, supra,* is bottomed on a statute similar to Rem. Supp. 1947, § 988, which provides that the interlocutory order shall also make all necessary provisions as to alimony, costs, etc.

■ If, in the opinion of the trial court, alimony should be awarded to the wife, the court has authority and jurisdiction, under Rem. Supp. 1947, § 988, to make such award, even if, in the complaint for divorce, there is no prayer for, or allegation of need of, alimony. In other words, if the trial court deems the wife is entitled to alimony, the court may enter a judgment providing for alimony notwithstanding the failure of the wife to allege the need, or pray for an award, of alimony. See, also, *Griffith v. Griffith,* 143 Ore. 276, 22 P. (2d) 323.

■ Garnishment is an authorized procedure and method for the enforcement of the payment of alimony.

*Fisch v. Marler*, 1 Wn. (2d) 698, 97 P. (2d) 147.

The judgment is reversed and the cause remanded, with direction to the trial court to enter judgment in harmony with this opinion.

ROBINSON, SIMPSON, and SCHWELLENBACH, JJ., concur.

MALLERY, C. J. (concurring in the result)—I do not agree that a court can award alimony not prayed for in the complaint (see *Ermey v. Ermey*, 18 Wn. (2d) 544, 139 P. (2d) 1016). However, since I do not think that question is determinative of this case, I concur in the result of the opinion.