[No. 31187.  *En Banc.*  August 1, 1950.]

THE STATE OF WASHINGTON, *on the Relation of Henry J. Adams, Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Ernest M. Card, Judge, Respondent.*[1]

[1]Reported in 220 P. (2d) 1081.

*Bannon, Soule & Krilich,* for relator.

*Arthur R. Paulsen,* for respondent.

GRADY, J.—This proceeding was brought in this court to secure an order prohibiting the superior court of Washington for Pierce county from taking further action to adjudge relator to be in contempt of that court for disobedience of one of its orders. Upon the filing and presentation of the affidavit of relator this court issued a show cause order. No answer to the affidavit has been filed by respondent, but an appearance has been made by his counsel by a brief and an oral argument.

Rem. Rev. Stat., § 1023 [P.P.C. § 16-21], provides that, if no answer be made to an application for a writ of prohibition, "the case must be heard on the papers of the applicant." In *State ex rel. State Ins. Co. v. Superior Court,* 14 Wash. 203, 44 Pac. 131, we decided that, if a respondent did not answer in the manner required by statute, the writ

must issue if the facts set up in the application were sufficient to authorize it.

The factual situation disclosed in the affidavit of the relator and the exhibits made a part thereof is as follows:

On March 24, 1947, Mildred D. Adams commenced an action in the superior court of Washington for Pierce county against the relator to obtain an interlocutory order of divorce. In her complaint, she prayed that she be granted the care, custody, and control of two minor children; that she be awarded certain described real estate and household furniture; that relator be awarded certain personal property and be required to contribute one hundred dollars towards her attorney's fees, and costs.

Prior to the entry of the interlocutory order, the trial judge inserted in the prayer of the complaint the following: "that defendant pay plaintiff $2000.00 at $50.00 per mo., first payment Aug. 1st, 1947," and also in that order the words: "Ordered that defendant pay plaintiff $2000.00 at $50.00 per month, first payment August 1st, 1947." The relator did not make any payments pursuant to the order.

On June 23, 1949, the court entered an order directing relator to appear before it at a time stated and show cause why he should not be found to be in contempt for his failure to comply with the interlocutory order. The relator appeared, specially challenging the jurisdiction of the court to conduct contempt proceedings, and asked orally that the order to show cause be quashed. The request was denied.

The record shows that the summons and complaint were personally served upon relator in Pierce county. No notice was given to relator that any additional relief to that asked for in the complaint served upon him would be sought or given by the court, and he was not given an opportunity to be heard thereon.

Two questions are presented: (1) Was the sum of money ordered to be paid a property award, or an award of alimony and maintenance, and (2) did the court have jurisdiction to give relief to the plaintiff other than as prayed for in her complaint.

If the award of two thousand dollars, payable at the rate of fifty dollars a month, was intended by the court to be an additional property award, or an ordinary money judgment, the relator would not be in contempt of court for failure to make the payments provided; but if it was intended to be an award of alimony, or for the support and maintenance of the minor children, the court would have the power to adjudge the relator to be in contempt for a disobedience of its order. *In re Van Alstine*, 21 Wash. 194, 57 Pac. 348; *In re Cave*, 26 Wash. 213, 66 Pac. 425, 90 Am. St. 736; *Boudwin v. Boudwin*, 162 Wash. 142, 298 Pac. 337; *State ex rel. Ridenour v. Superior Court*, 174 Wash. 152, 24 P. (2d) 418; *State ex rel. Lang v. Superior Court*, 176 Wash. 472, 30 P. (2d) 237; *State ex rel. Foster v. Superior Court*, 193 Wash. 99, 74 P. (2d) 479.

In some of our cases, we have stated that the award must be for "alimony as such" in order that it may be enforced by contempt proceedings. We do not consider it was meant that the word "alimony" necessarily had to be used. It is sufficient if the fair import of the language clearly indicates the court intended the award was for alimony or maintenance. The court made a division of all of the property belonging to the parties which had been brought into the case and made a money award to apply on attorney's fees.

When reference is made to a property award, it generally relates to existing real, personal, or mixed property over which the court has acquired jurisdiction, and which under our statute must be equitably distributed. What the court really did here was to order the relator to pay to the plaintiff the sum of fifty dollars a month until he had paid her the sum of two thousand dollars. This was not a money judgment. Such a judgment determines an amount owing. A decree for alimony or maintenance directly commands the payment of money. *Davis v. Davis*, 15 Wn. (2d) 297, 130 P. (2d) 355.

In our consideration of the jurisdictional question, we find a very similar situation to the one before us was

872

presented in *Ermey v. Ermey,* 18 Wn. (2d) 544, 139 P. (2d) 1016. We held that a defendant has a right to allow a default to be taken against him secure in the knowledge that the judgment or decree will not exceed the demand of the complaint. The principle upon which such a rule rests is that the court is without jurisdiction to grant relief beyond that which the allegations and prayer of the complaint may seek. If, upon the hearing of the matter before the court, the complaining party desires additional relief, or if the court feels that other or additional relief should be awarded, the defendant is entitled to have notice given to him and an opportunity to be heard on the merits thereof; otherwise, he is denied procedural due process of law in violation of § 3, Art. I, of our constitution. *In re Groen,* 22 Wash. 53, 60 Pac. 123; *Morley v. Morley,* 131 Wash. 540, 230 Pac. 645; *In re Hendrickson,* 12 Wn. (2d) 600, 123 P. (2d) 322. In the latter case, we said:

"The essential elements of the constitutional guaranty of due process, in its procedural aspect, are notice and an opportunity to be heard or defend before a competent tribunal in an orderly proceeding adapted to the nature of the case."

We cited 16 C. J. S. 1153, § 569 c (2); 12 Am. Jur. 267, § 573.

A judgment entered without notice and opportunity to be heard is void. *State ex rel. First Nat. Bank v. Hastings,* 120 Wash. 283, 207 Pac. 23. In that case, we said:

"It is elementary law that a default judgment cannot award any relief beyond that which the facts alleged in the complaint in the action show the plaintiff legally entitled to. This also means, of course, that if a complaint wholly fails to state facts legally entitling the plaintiff to any recovery, or states facts affirmatively showing that the plaintiff has no right of recovery, as those complaints did, a default judgment rendered thereon is void, just as such a default judgment would be void in so far as it awarded relief beyond that which the allegations of the complaint showed the plaintiff legally entitled to."

It will be noted from the above quotation and the tenor of the remainder of the opinion on the subject there are two situations in which a default judgment may be void: (1) if the complaint states facts affirmatively showing that

the plaintiff has no right of recovery, or (2) if the complaint lacks those averments which are necessary to show his right to recover. The complaint in the case at bar contained no allegations showing a need for alimony, or inability on the part of the plaintiff to support and maintain the minor children, and did not pray for any such relief.

█    Rem. Rev. Stat., § 988 [P.P.C. § 23-15], and Rem. Supp. 1947, § 988, provide in part as follows:

"If, however, the court determines that either party, or both, is entitled to a divorce an interlocutory order must be entered accordingly, declaring that the party in whose favor the court decides is entitled to a decree of divorce as hereinafter provided; which order shall also make all necessary provisions as to alimony, costs, care, custody, support and education of children and custody, management and division of property, . . ."

If it was meant by the statute that the court might divide property, or order the payment of alimony, or provide for the care, support, and education of children in addition to the content of the complaint and its prayer when a defendant has not appeared and is in default, it would run counter to the due process clause of the constitution above referred to, and we therefore cannot adopt any such construction of the statute. The statute applies to the subject matter brought before the court by the complaint, or as the complaint may be amended if a general appearance has been made by the defendant by an answer.

Our attention has been called to *Ackerman v. Ackerman*, 32 Wn. (2d) 53, 200 P. (2d) 527, which contains a paragraph in conflict with our holding in *Ermey v. Ermey, supra*. What was said in that paragraph was not necessary to a decision of the questions before the court. We were considering whether a property settlement agreement in which the defendant promised to pay his wife money for her support and maintenance in the event of a divorce, and which was made a part of the complaint, could be made a part of the interlocutory order on default of the defendant. When we decided that the order was valid and resort could be had to garnishment proceedings to collect the unpaid install-

ments of the award, that disposed of the case. We did not discuss or decide the question whether contempt proceedings would lie. We were not called upon to decide the question involved in *Ermey v. Ermey,* and do not regard that case as having been affected by the dictum of the *Ackerman* case.

The application for a writ of prohibition is granted.

BEALS, MALLERY, SCHWELLENBACH, HILL, and HAMLEY, JJ., concur.

SIMPSON, C. J., dissents.

DONWORTH, J. (dissenting in part)—I agree with the majority that the provision in the interlocutory decree that relator should pay fifty dollars per month to his former wife until a total sum of two thousand dollars had been so paid constituted an award of alimony and not a money judgment.

However, I cannot agree that the trial court had no jurisdiction to award alimony because there was no prayer for alimony in the complaint. In my opinion, divorce actions are not governed by the general rule applicable to other types of actions to the effect that the relief to be granted is limited to that prayed for in the complaint. The cases cited by the majority correctly state the rule as to ordinary legal actions.

The legislature in enacting Rem. Rev. Stat., § 988 (and amendments thereof), has declared the policy of the state of Washington concerning the powers and duty of the court in the conduct of divorce actions. That section contains a provision that the interlocutory order "shall also make all necessary provisions as to alimony, costs, care, custody, support and education of children. . . ."

It has been held by numerous courts of last resort in the United States that an award of alimony is incidental to the granting of a decree of divorce and is not dependent upon either allegations in the complaint or request in the prayer relative thereto.

In *Hopping v. Hopping,* 233 Iowa 993, 10 N. W. (2d) 87, 152 A. L. R. 436, the cases on this subject are reviewed and the distinction between divorce proceedings and ordinary

actions with regard to defaulting defendants stated as follows:

"In *Ecker v. Ecker,* 130 Minn. 472, 153 N.W. 864, under a statute similar to section 10481 of the Iowa Code, in a suit for a divorce, where personal service was made upon the defendant in the county of plaintiff's residence, and the complaint contained no specific demand for alimony, and the defendant did not answer, the court sustained an alimony award to the plaintiff. In support thereof, see, *Sprague v. Sprague,* 73 Minn. 474, 76 N.W. 268, 42 L.R.A. 419, 72 Am. St. Rep. 636, and *O'Neil v. O'Neil,* 148 Minn. 381, 182 N.W. 438.

"In *Haven v. Trammell,* 79 Okla. 309, 311, 193 P. 631, 632, plaintiff filed petition for decree of absolute divorce, attorney's fees, costs, and general relief. The defendant, served personally, defaulted. A judgment granting absolute divorce, $1,000 alimony, attorney's fees and costs, was sustained on appeal, against a challenge that the judgment for alimony was void for the reason that the petition failed to specifically pray for alimony. Oklahoma has a statute similar to section 10481, Code, 1939. Referring to it the court said:

" 'It is thus clearly fixed by our law that alimony is a mere incident to divorce, and when a divorce is granted, alimony may be awarded without it being prayed for in the original pleadings.'

"The opinion cites, in support thereof, 19 C.J., Divorce, 283, section 650; *Prescott v. Prescott,* 59 Maine 146; 2 Bishop on Marriage, Divorce, and Separation, 421, section 1067, which states:

" 'By the English and better American practice, the proceeding for alimony is strictly ancillary. Neither the complaining wife's libel or petition nor the husband's answer thereto makes any mention of her alimony or his faculties.'

"Later Oklahoma decisions supporting the holding in the *Trammell* case are *Javine v. Javine,* 134 Okla. 283, 273 P. 267, 268; *Downing v. Downing,* 121 Okla. 273, 249 P. 732; *Bowen v. Bowen,* 182 Okla. 114, 76 P. 2d 900, 902; *Donahoe v. Alcorn,* 188 Okla. 305, 307, 108 P. 2d 786, 788. In the last-cited case, the court, after referring to the statutory power of the court respecting alimony, said:

" 'The statutory duty thus imposed on the court . . . is not dependent upon any particular form of pleading other than such as would be appropriate to invoke the jurisdiction of the court, for the purpose of granting a divorce. . . .

*The defaulting defendant is presumed to be cognizant of the duty imposed by law upon the court in this respect.'*

"In 1 R.C.L., Alimony, 883, 884, section 23, is this statement:

" 'In divorce or separation suits, however, owing to the fact that a demand for alimony is not an essential part of the cause of action but is merely incidental thereto, it may be awarded in the absence of a specific request therefor in the original bill  .  .  .'

"Other decisions supporting directly or by analogy *that the matter of alimony is but an incident of divorce, or that it is not essential to the jurisdiction of the court awarding it that it be specifically referred to in the pleadings,* are *Cohen v. Cohen,* 150 Cal. 99, 88 P. 267, 11 Ann. Cas. 520; *Hegwood v. Hegwood,* 133 Ark. 160, 202 S.W. 35; *Smith v. Haltom,* 177 Ark. 790, 8 S.W. 2d 437, 439; *Lynde v. Lynde,* 54 N.J. Eq. 473, 35 A. 641, 642; *Lynde v. Lynde,* 162 N.Y. 405, 56 N.E. 979, 48 L.R.A. 679, 682, 76 Am. St. Rep. 332 [affirmed 181 U.S. 183, 21 S. Ct. 555, 45 L. Ed. 810]; *Blackinton v. Blackinton* (Justice Holmes), 141 Mass. 432, 5 N. E. 830, 831, 55 Am. Rep. 484.

"The appellant relies upon section 11573 of the Codes of 1931, 1935, and 1939, which provides that:

" 'The relief granted to the plaintiff, if there be no answer, cannot exceed that which he has demanded in his petition.'

"He also cites in support of his contention, among other cases, *Richardson v. Short,* 201 Iowa 561, 567, 207 N.W. 610; *Rees, Gabriel & Co. v. Shepherdson,* 95 Iowa 431, 64 N.W. 286; *Davis v. Davis,* 209 Iowa 1186, 1189, 229 N.W. 855; *Rayburn v. Maher,* 227 Iowa 274, 288 N.W. 136; *Manassa v. Garland,* 200 Iowa 1129, 1132, 206 N.W. 33. These decisions correctly interpret section 11573 and we fully agree with them. It is our view that neither the section nor the cited cases have any application to the matter before us. Our decision is controlled by section 10481, applying to divorce suits, and by our decisions construing it. This contention of the appellant has been made in other jurisdictions. In *Ecker v. Ecker, supra,* 130 Minn. 472, 473, 153 N.W. 864, 865, it was urged that section 7896, of the Minnesota General Statutes, 1913, controlled. It provided that:

" 'As against a defendant who does not answer, the relief granted to plaintiff shall not exceed that demanded in the complaint.'

"In holding to the contrary, the court said:

" 'This provision is found in the general practice act and applies wherever no different provision is made by some

specific statute. *Divorce suits are controlled and governed by a specific statute devoted to that particular subject matter*; and, in divorce suits, the provisions of this specific statute supersede those of the general practice act insofar as they are inconsistent therewith.'

"A similar answer was made to a like contention in *Donahoe v. Alcorn, supra,* 188 Okla. 305, 108 P. 2d 786." (Italics mine.)

See, also, *Nelson v. Nelson,* 181 Ore. 494, 182 P. (2d) 416.

While there is no statute in this state limiting the relief which may be granted in ordinary actions to that prayed for in the complaint, the rule laid down in *State ex rel. First Nat. Bank v. Hastings,* 120 Wash. 283, 207 Pac. 23 (cited in the majority opinion), so holding, is as effective in this state as a statute would be. Consequently, the rule stated in *Hopping v. Hopping, supra,* should be applied in the case at bar, since it is immaterial whether the aforesaid limitation be based on a statute or a decision of this court.

So far as lack of due process is concerned, the relator is presumed to know the law relating to the powers and duty of the trial court in divorce proceedings, and, since he elected in this case (after service of process upon him) to default and decline to enter an appearance, he cannot be heard to complain that his former wife was awarded alimony by the interlocutory decree in spite of lack of specific allegation of the need therefor or prayer for such relief.

Our holding in *Ermey v. Ermey,* 18 Wn. (2d) 544, 139 P. (2d) 1016, does not give effect to our statute (Rem. Rev. Stat., § 988) and should be overruled. The statement of the law in *Ackerman v. Ackerman,* 32 Wn. (2d) 53, 200 P. (2d) 527 (which the majority hold to be dictum), applies to the case at bar and should be adopted as stating the correct rule.

I would deny the writ of prohibition sought by relator for the reason that the trial court did not act in excess of its jurisdiction in awarding alimony.

ROBINSON, J., concurs with DONWORTH, J.