[No. 31453. Department One. November 22, 1950.]

REGINALD CORRIGEUX, *Appellant,* v. GLADYS CORRIGEUX, *Respondent.*[1]

[1]Reported in 224 P. (2d) 343.

*Burton J. Onstine* and *C. E. Ellis*, for appellant.

*Justin C. Maloney*, for respondent.

HILL, J.—The question here presented is whether a man can be punished for contempt by imprisonment because of his failure to make monthly payments to his divorced wife in accordance with a provision of the divorce decree reading as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff shall pay to the defendant the sum of $42.00 per month until $1516.00 is paid, without interest, except should plaintiff's monthly compensation be reduced, the monthly payments shall be reduced accordingly but in no event are they to be less than $30.00 per month."

None of the payments provided for in the decree were made, and, after a hearing on an order to show cause, the trial court entered an order reading, in part, as follows:

".   .   . It is hereby,

"ORDERED, ADJUDGED AND DECREED that the plaintiff above named, Reginald Corrigeux, is guilty of Contempt of this Court for his failure to have made the August, September, October, November and December, 1949 and January, 1950 payments in the amount of $42.00 each as ordered in the Decree of Divorce herein dated August 4, 1949.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, Reginald Corrigeux, be and he is hereby ordered confined in the Spokane County Jail for a period of 30 days for said offense unless on or prior to February 16, 1950 plaintiff pays into the registry of this Court the sum of $50.00 for credit upon the sum of $252.00 now past due defendant under the Decree of Divorce herein."

Mr. Corrigeux appeals.

Passing the question of whether a sentence of imprisonment for a fixed term can be imposed in a civil contempt proceeding, the purpose of which is not punitive but coercive, we are convinced that the respondent is not entitled to enforce, by contempt proceedings, the order for the payment of $1,516 in monthly installments.

We recently considered a somewhat similar problem in *State ex rel. Adams v. Superior Court,* 36 Wn. (2d) 868,

220 P. (2d) 1081, where the superior court had " 'Ordered that defendant pay plaintiff $2000.00 at $50.00 per month, first payment August 1, 1947.' " We there held that the $2,000 was alimony, although alimony was not mentioned in the interlocutory decree. We there said:

"It is sufficient if the fair import of the language clearly indicates the court intended the award was for alimony or maintenance."

The "fair import of the language" involves a consideration of the facts and circumstances before the trial court at the time the order was entered.

■■ It is conceded that, if the $1,516 referred to in this case were alimony, its payment could be enforced by contempt proceedings. However, we hold that it is not alimony, because all the facts and circumstances before the trial court negative any such conclusion; it is merely a property award to the wife, payment of which cannot be enforced by contempt proceedings. *State ex rel. Foster v. Superior Court*, 193 Wash. 99, 74 P. (2d) 479. Back of this distinction is our constitutional provision that there shall be no imprisonment for debt. Art. I, § 17.

The record shows that the parties were married February 28, 1948, and separated in August of that year, having lived together less than six months. The divorce was granted to the husband on the grounds of cruelty and personal indignities. It also appears that the wife had returned to her former home in Cleveland, Ohio.

Not only is there nothing in the record to import an obligation to continue to support a divorced wife whose conduct made it impossible for the parties to continue to live together, but it further appears from a property settlement agreement that the amount of $1,516 had been advanced by the wife to the husband, and $1,400 of it was covered by a note. The agreement, like the court order, provided for monthly payments in the amount of $42 unless the husband's monthly compensation should be reduced. (It appears that his only source of income was compensation from the veterans' administration based on total disability, which

compensation was then $138 and has since been increased to $150 a month.) The property settlement agreement stated that it was

". . . intended as a complete settlement of the property rights of the parties and of all claims of any kind or nature of the parties against each other *and of all claims for alimony, support money* or attorney fee or costs . . ." (Italics ours)

of the wife against the husband.

It seems to us affirmatively established that the $1,516 to be paid by the husband to the wife is not alimony but is a provision for the payment of a debt.

It is unnecessary for us to determine the effect of the husband's discharge in bankruptcy upon this obligation. Suffice it to say that the monthly payments provided for by the divorce decree do not constitute alimony, and that, on the authority of *State ex rel. Foster v. Superior Court, supra,* we hold that the court did not have jurisdiction to compel performance of the decree by contempt proceedings. The order appealed from is set aside, with instructions that the civil contempt proceeding be dismissed.

BEALS, GRADY, and DONWORTH, JJ., concur.

SIMPSON, C. J., concurs in the result.